IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 05-00119-MEF |
| | * | |
| PAUL MICHAEL HAMRICK | * | |

MOTION TO DISMISS AND STRIKE
THE "MISLEADING CONDUCT" PORTION
OF THE 18 U.S.C. § 1512(b)(3) CHARGE IN
COUNTS ONE, TWO, AND FIFTEEN

The 18 U.S.C. § 1512(b)(3) charge against Mr. Hamrick is factually false.  The

prosecution will not be able to prove it at trial, because it did not happen.

The point of this pretrial motion to dismiss is that the charge is legally flawed in at least

one respect as well.  Even if the facts were as the prosecution alleges – and they are not – the

payment of money is not "misleading conduct" under § 1512(b)(3).  Mr. Hamrick therefore

respectfully requests that the Court dismiss that charge and strike the relevant language from the

second superseding indictment, which forms the basis for Count Fifteen and Racketeering Act 3

in Counts One and Two, to the extent that it is based on the "misleading conduct" allegation.

## I. Argument

The charge in Count Fifteen, and the allegations with respect to Racketeering Act 3 in

Counts One and Two, are virtually identical.  The allegations with respect to Racketeering Act 3

read:

> On or about October 9, 2001, in the Middle District of Alabama, [Mr. Hamrick]
> did knowingly corruptly persuade and attempt to knowingly corruptly persuade
> another person and *did engage in misleading conduct* toward another person, with
> intent to hinder, delay, and prevent the communication to a law enforcement
> officer of the United States of information relating to the commission of a federal
> offense and a possible commission of a federal offense, to wit, [Mr. Hamrick] did
> give a check in the amount of $3,000 to Clayton 'Lanny' Young with intent to

> hinder, delay, and prevent the communication to the Federal Bureau of
> Investigation by Clayton 'Lanny' Young of information concerning federal
> offenses related to $6,000 that Clayton 'Lanny' Young gave to [Mr. Hamrick] on
> September 25, 2000, all in violation of 18 U.S.C. § 1512(b)(3).

*Second Superseding Indictment* ¶ 34 (emphasis supplied). The charge in Count Fifteen is a

verbatim recitation of paragraph 34, except that it concludes "[a]ll done in violation of 18 U.S.C.

§ 1512(b)(3)," instead of "all in violation of 18 U.S.C. § 1512(b)(3)."

    Before 1988, 18 U.S.C. § 1512(b)(3) forbade the use of "misleading conduct" to "hinder,

delay," etc. another person's communication to law enforcement. But it did *not* forbid the use of

"corrupt[] persua[sion]" to that end, as it does now. Courts applying the pre-1988 version of §

1512(b)(3) held that an offer "to reward [a witness financially] for falsifying his testimony" did

not constitute misleading conduct. *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991);

*see also United States v. King*, 762 F.2d 232, 236-37 (2d Cir. 1985), *cert. denied* 475 U.S. 1018

(1986).

    The legislative history makes this clear. Before 1982, a different provision – 18 U.S.C. §

1503 – contained a residual clause that forbade "corrupt" attempts to "influence, obstruct, or

impede the due administration of justice." Courts held that this included offers to pay witnesses

for false testimony.[1] But, in 1982, Congress passed the Victim and Witness Protection Act. That

act "removed all mention of witnesses" from § 1503, so that it now covers only jurors and court

officers. The act placed the witness provisions in § 1512. Section 1512 forbade tampering with

a witness by "misleading conduct" and by physically coercive threats (which no one suggests

occurred here), but it did *not* forbid non-coercive, non-misleading offers to reward a witness for

---

[1]    *See, e.g., United States v. Gates*, 616 F.2d 1103, 1107 (9th Cir.
1980).

lying. *King*, 762 F.2d at 238; *Kulczyk*, 931 F.2d at 545.[2]  Between 1982 and 1988, therefore,

district courts vacated, *King*, 762 F.2d at 237, and circuit courts of appeal reversed, *Kulczyk*, 931

F.2d at 547-48, § 1512(b)(3) "misleading conduct" convictions based on such offers.

Congress amended § 1512(b)(3) in 1988 to add a "corrupt persuasion" provision.

*Kulczyk*, 931 F.2d at 546.  But it left the "misleading conduct" provision untouched.  Whatever

conduct the "corrupt persuasion" provision covers, it remains plain that the "misleading

conduct" provision does not cover the charge the prosecution makes against Mr. Hamrick here.

## II.  Conclusion

For at least the foregoing reasons, Mr. Hamrick respectfully requests that the Court

dismiss Counts One, Two, and Fifteen and strike the relevant language from the second

superseding indictment to the extent that they are based on the 18 U.S.C. § 1512(b)(3)

"misleading conduct" charge.

Respectfully submitted,

s/T. Jefferson Deen, III
T. Jefferson Deen, III
T. Jefferson Deen, III, P.C.
P.O. Box 2705
Mobile, Alabama 36652
Phone: (251) 433-5860
Fax:    (251) 433-0703
E-mail: TJeffDeen@deenlawpc.com

---

[2]     The original Senate version of § 1512 did include a "corrupt persuasion" provision, but the final version as passed did not.  The Second Circuit in *King* held that this meant that Congress did not intend "to reach modes of conduct other than those specifically enumerated" in the final version.  762 F.2d at 238.

s/Michel Nicrosi _____
Michel Nicrosi
Miller, Hamilton, Snider & Odom, L.L.C.
P.O. Box 46
Mobile, Alabama 36601-0046
Phone: (251) 432-1414
Fax:     (251) 433-4106
E-mail: michelnicrosi@mhsolaw.com


## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

s/Michel Nicrosi _____
Michel Nicrosi
Miller, Hamilton, Snider & Odom, L.L.C.
P.O. Box 46
Mobile, Alabama 36601
Phone: (251) 432-1414
Fax:     (251) 433-4106
E-mail: michelnicrosi@mhsolaw.com