IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 05-00119-MEF |
| | * | |
| PAUL MICHAEL HAMRICK | * | |

**MOTION FOR A PRETRIAL HEARING TO DETERMINE**
**THE ADMISSIBILITY OF COCONSPIRATOR STATEMENTS**

Mr. Paul Michael Hamrick respectfully moves the Court to hold a hearing prior to trial, and outside the presence of the jury, to determine the admissibility of coconspirator statements.

Mr. Hamrick and Governor Siegelman are charged in Count One of the second superseding indictment with a racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Count One alleges that Mr. Hamrick and Governor Siegelman "together with Nicholas D. Bailey, Clayton 'Lanny' Young, and other persons known and unknown to the Grand Jury," conspired to operate the Executive Department of the State of Alabama as a RICO enterprise. *Second Superseding Indictment*, ¶ 4. As such, it is expected that the prosecution will attempt to introduce evidence under Fed. R. Evid. 801(d)(2)(E). The rule states in pertinent part:

> (d) A statement is not hearsay if –
> (2) The statement is offered against a party and is . . .
> (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy. The contents of the statement shall be considered but are not alone sufficient to establish the declarant's authority under subdivision (©), the agency or employment relationship and scope thereof under subdivision (D), or the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E). *FRE 801(d)(2)(E)*.

The Court must determine as a factual matter whether the prosecution has shown by a preponderance of the evidence all of the requisites for the admissibility of a coconspirator

statement. If the Court concludes that the prosecution has not met its burden, the statement may not remain in evidence for consideration by the jury. *United States v. James*, 590 F.2d 575 (5th Cir. 1979), *overruled in part by Bourjaily v. United States*, 483 U.S. 171 (1987); *United States v. Hewes*, 729 F.2d 1302 (11th Cir. 1984).

There are three foundational elements for admissibility which the prosecution must prove: (1) the existence of a conspiracy; (2) the defendant and the declarant were members of the conspiracy; and (3) the statement was made during the course and in furtherance of the conspiracy. *United States v. Van Hemelryck*, 945 F.2d 1493, 1497-98 (11th Cir. 1991), *citing, United States v. Byrom*, 910 F.2d 725, 734 (11th Cir. 1990); *James*; *Bourjaily*. The burden of proof is on the prosecution, and the burden is by a preponderance of the evidence. *Bourjaily*, 483 U.S. at 175; *Van Hemelryck*, 945 F.2d at 1497. The Court is not bound by the Federal Rules of Evidence in determining the admissibility of this type of evidence (*FRE 104(a)*; *Bourjaily*, 483 U.S. at 178), and it is within the Court's sound discretion as to the timing and procedure followed in establishing admissibility (*Bourjaily*, 483 U.S. at 178; *Van Hemelryck*, 945 F.2d at 1498; *United States v. Manzella*, 782 F.2d 533, 544-46 (5th Cir. 1986)).

The Court's review in establishing "the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered" must include the contents of the coconspirator's statement – but the Court must also consider the circumstances surrounding the statement, such as the identity of the speaker, the context in which the statement was made, or evidence corroborating the contents of the statement in making its determination as to each preliminary question. *See, Commentary to FRE 810(d)(2)(E)*, 1997 Amendment; *Byrom*, 910 F.2d at 736.

This case has and will continue to receive extensive public attention. It involves multiple conspiracies and several defendants. Requiring the prosecution to provide and establish the admissibility of coconspirator statements prior to trial and outside the presence of the jury is within the Court's authority and will expedite the orderly movement of this criminal trial – without the danger of prejudice nor the risk of mistrial. It is a commonsensical solution to a difficult and error-prone situation.

                         Respectfully submitted,

                         s/T. Jefferson Deen, III
                         T. Jefferson Deen, III
                         T. Jefferson Deen, III, P.C.
                         P.O. Box 2705
                         Mobile, Alabama 36652
                         Phone: (251) 433-5860
                         Fax:   (251) 433-0703
                         E-mail: TJeffDeen@deenlawpc.com

                         s/Michel Nicrosi
                         Michel Nicrosi
                         Miller, Hamilton, Snider & Odom, L.L.C.
                         P.O. Box 46
                         Mobile, Alabama 36601-0046
                         Phone: (251) 432-1414
                         Fax:   (251) 433-4106
                         E-mail: michelnicrosi@mhsolaw.com

## CERTIFICATE OF SERVICE

      I certify that on February 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

                                        s/Michel Nicrosi
                                        Michel Nicrosi
                                        Miller, Hamilton, Snider & Odom, L.L.C.
                                        P.O. Box 46
                                        Mobile, Alabama 36601
                                        Phone: (251) 432-1414
                                        Fax:   (251) 433-4106
                                        E-mail: michelnicrosi@mhsolaw.com