IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| v.    ) | Case No. 2:05cr119-F |
| ) | |
| RICHARD M. SCRUSHY, et al    ) | |
|     Defendant.    ) | |

**MOTION FOR LEAVE TO SUBSTITUTE EXHIBIT**

Comes now the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and moves this Court for leave to correct a typographical error by substituting an amended Exhibit B to the "Response of the United States to Defendant's Motion to Dismiss the Indictment on Grounds of Prosecutorial Misconduct and Delay in Unsealing the Indictment," filed February 27, 2006. The original Exhibit B omits the word "never" from the last sentence of Paragraph 7 on Page 4, as a result of a typographical error. The substitute Exhibit B corrects this error, and is otherwise identical to the original. The government regrets the error and any inconvenience to the Court or the parties.

WHEREFORE, the United States asks this Court to substitute its amended

Exhibit B for the original Exhibit B to the "Response of the United States to defendant's Motion to Dismiss the Indictment on Grounds of Prosecutorial Misconduct and delay in Unsealing the Indictment," filed February 27, 2006.

Respectfully submitted this 3rd day of March, 2006.

| | |
|---|---|
| LOUIS V. FRANKLIN, SR.<br>ACTING UNITED STATES ATTORNEY | ANDREW C. LOURIE<br>ACTING CHIEF, PUBLIC INTEGRITY SECTION |

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:   (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:   (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:   (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:   (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:   (202)514-3003
Email: richard.pilger@usdoj.gov

/s/Richard A. Friedman
Attorney
Appellate Section
Criminal Division
United States Department of Justice

/s/ Joseph L. Fitzpatrick, Jr. Special Assistant
United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

## **EXHIBIT B**

## DECLARATION UNDER PENALTY OF PERJURY OF RICHARD C. PILGER IN SUPPORT OF RESPONSE TO MOTION TO DISMISS INDICTMENT

I, Richard C. Pilger, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am a Trial Attorney in the Public Integrity Section of the Criminal Division of the United States Department of Justice. Since approximately April 2005, I have participated in the investigation and prosecution reflected in United States v. Siegelman et al., No. 2:05cr119-F in the United States District Court for the Middle District of Alabama.

2. On May 17, 2005, a grand jury returned an indictment in the Middle District of Alabama, Northern Division, charging Don Eugene Siegelman and Richard M. Scrushy with federal-funds bribery in violation of 18 U.S.C. 666 and with conspiracy in violation of 18 U.S.C. 371 to commit that bribery and to engage in money laundering (18 U.S.C. 1956) of the proceeds of that bribery. That indictment was returned at that time in order to ensure that the five year statute of limitations provided by 18 U.S.C. 3282(a) would not run on those charges, insofar as the last overt act alleged for both the conspiracy and substantive charges occurred on or about May 23, 2000 (Doc. No. 1 ¶¶ 25, 27, 29).

1

3. On the day the original indictment was filed, May 17, 2005, the government filed a motion to maintain that indictment under seal for two reasons: (1) because Mr. Scrushy was then "being tried in the Northern District of Alabama in a complex, high profile case" and sealing the indictment was justified to "prevent and preclude any undue prejudice to this defendant in the ongoing trial," Doc. No. 1 ¶ 4; and (2) because the "United States, in conjunction with the Attorney General of the State of Alabama, [was] continuing to investigate other criminal offenses committed by the named defendants as well as other persons known and unknown at this time" and "[p]ublic disclosure of the instant indictment * * * would severely harm the investigative efforts of the United States and the State of Alabama," id. ¶5. United States Magistrate Judge Charles S. Coody ordered the indictment sealed that same day, May 17. Doc. No. 2.

4. I understood that the seal, once ordered by the Court, prohibited the government from disclosing the existence of the sealed indictment without permission of the Court.

5. After the filing of the original sealed indictment, the grand jury continued its investigation of other possible crimes by Mr. Siegelman and Mr. Scrushy, and by other persons. That grand jury investigation continued during the entire period between the return of the sealed indictment on May 17 and the return

of the first superseding indictment on October 26, 2005, Doc. No. 9, which alleged additional offenses against Mr. Siegelman and Mr. Scrushy and against other defendants.

6. On June 28, 2005, Mr. Scrushy was acquitted of the charges in the Northern District of Alabama. Because the government's investigation of other crimes involving Messrs. Scrushy and Siegelman, and others, was still ongoing in the Middle District, and a sitting grand jury was hearing witnesses relating to those other crimes and persons, the indictment remained sealed.

7. On October 4, 2005, I attended a meeting with Acting United States Attorney Louis V. Franklin, other government counsel, and several counsel for Richard M. Scrushy at the United States Attorney's Office in Montgomery, Alabama. I was informed in advance of the October 4 meeting by Acting USA Franklin that Mr. Scrushy's counsel had requested the meeting between lawyers, and that Mr. Scrushy would not be in attendance, nor would investigative agents. I understood that the purpose of the October 4 meeting was, at defense counsel's request, to discuss the possibility of a cooperation agreement between the government and Mr. Scrushy, and to consider any exculpatory information that might dissuade the Department of Justice from prosecuting Mr. Scrushy or any other person for any offense. To the best of my knowledge, between the filing of

the original sealed indictment on May 17, 2005, and this approach by defense counsel, the government never sought to contact defense counsel to engage in discussions about a possible cooperation agreement between the government and Mr. Scrushy.

8. At the time of the October 4 meeting, any actual proffer or interview involving Mr. Scrushy himself could not proceed unless steps were taken to inform him of the pending charges. Had negotiations progressed to that point, the United States would not have entered into any proffer agreements or accepted any proffer of information from Mr. Schrushy until obtaining an order from the Court unsealing the indictment and informing defense counsel of its existence.

9. After introductions at the October 4 meeting, at defense counsel's request, the government outlined the information that caused it to believe that Mr. Scrushy had committed criminal offenses, specifically bribery during 1999 and 2000 of then-Governor Siegelman in connection with Siegelman's appointment of Mr. Scrushy to the Alabama Certificate of Need Review Board. Arthur W. Leach, lead counsel for Mr. Scrushy, then pursued a lengthy effort to discover from the government further information about the evidence and the government's legal theories.

10. No information of any kind that might be plausibly useful to the

4

government or injurious to the defense in any manner of which I am aware was ever provided to us by defense counsel at the October 4 meeting, nor was any agreement of any kind with defense counsel made at that meeting.

11. At the time of the October 4 meeting, the grand jury was still in session. Although part of the case had been indicted so as not to violate the statute of limitations, the United States was open to considering a resolution of the case against Scrushy in a number of ways, including a non-prosecution agreement that called for truthful cooperation. I had a duty during the meeting to avoid disclosure of the existence of the sealed indictment. I specifically recall that defense counsel asked a question about our charging decisions, which related to whether it was even worthwhile for them to engage in discussions with us or their own client about Mr. Scrushy's possible cooperation. Knowing that the grand jury investigation was continuing and we still were willing to consider potential offers from Mr. Scrushy that could have resulted in his truthful cooperation, I replied in a way that intended to make it clear that no final decisions had been made. The quotation provided in paragraph 7 of Leslie V. Moore's affidavit in support of defendant's motion to dismiss, stating that Mr. Leach asked, "Has a charging decision been made?," and that I answered simply "No," is not accurate, nor does it accord with the purpose, nature, and context of the discussion.

12. At all times during the October 4 meeting, I acted in good faith upon my instructions to pursue a preliminary, lawyer-to-lawyer discussion concerning a possible cooperation agreement with Mr. Scrushy without violating the Court's sealing order. At no time did I attempt to convey any false statement during the October 4 meeting or at any other time, to defense counsel or any other person involved in the investigation, nor have I ever attempted to deprive Mr. Scrushy of any right or advantage by such means.

13. In specific response to the assertion of defense counsel Leslie V. Moore in his affidavit accompanying defendant Scrushy's motion to dismiss the indictment, Doc. No. 132, Exh. A ¶ 6, I did not state, nor did any other government counsel state, during the October 4 meeting or at any time that I am aware, that Mr. Scrushy would be indicted if he did not testify as the government wanted him to testify. When defense counsel accused the government of taking this position, I specifically and pointedly rejected that mischaracterization of our position, and I expressly stated that, as in every potential cooperator's case, Mr. Scrushy would be required by any cooperation agreement to testify fully and truthfully.

14. I do not recall counsel for Mr. Scrushy making a specific request at the October 4 meeting or at any later time that Mr. Scrushy be permitted to testify

before the grand jury. I do recall that the government suggested at the October 4 meeting the possibility of grand jury testimony if there was a cooperation agreement, which was never forthcoming.

15. One or two days after the October 4 meeting, I received a telephone call from defense counsel Leach, who advised me he would be meeting with Mr. Scrushy. Mr. Leach asked me to provide him with legal points and authorities supporting the government's theory of Mr. Scrushy's liability. Apart from referring Mr. Leach to a leading case relevant to the matter, I declined to further address the matter.

16. In all my dealings with defense counsel relating to this matter, I intended only to accurately inform defense counsel of our willingness to negotiate in good faith, and I had absolutely no purpose or expectation of inflicting any prejudice upon the defendant, nor am I aware of any way in which the defendant was in fact or in theory prejudiced in any manner whatsoever.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 3, 2006, at Washington, D.C.

Richard C. Pilger
Trial Attorney
Public Integrity Section
Criminal Division
United States Department of Justice
202-514-1178

8

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | |
| ) | **CRIMINAL NO. 2:05-CR-119-F** |
| **DON EUGENE SIEGELMAN,** ) | |
| **PAUL MICHAEL HAMRICK,** ) | |
| **GARY MACK ROBERTS, and** ) | |
| **RICHARD M. SCRUSHY.** ) | |

**CERTIFICATE OF SERVICE**

   I hereby certify that on March 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

   Respectfully submitted,

   LOUIS V. FRANKLIN, SR.
   ACTING UNITED STATES ATTORNEY


   /s/ J.B. Perrine
   Assistant United States Attorney
   One Court Square, Suite 201
   Montgomery, AL 36104
   Phone: (334) 223-7280
   Fax: (334) 223-7135
   E-mail: jb.perrine@usdoj.gov
   ASB-9077-E31J