IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN, ) | |
| PAUL MICHAEL HAMRICK, ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY ) | |

**UNITED STATES' RESPONSE TO DEFENDANT HAMRICK'S MOTION TO DISMISS AND STRIKE THE "MISLEADING CONDUCT" PORTION OF THE 18 U.S.C. § 1512(b)(3) CHARGE IN COUNTS ONE, TWO, AND FIFTEEN**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby files its Response to Defendant Hamrick's Motion to Dismiss and Strike the "Misleading Conduct" Portion of the 18 U.S.C. § 1512(b)(3) Charge in Counts One, Two, and Fifteen (hereinafter, the "Motion"). This Court should deny the Motion because the Section 1512(b)(3) charges in the second superseding indictment are well pled. Defendant has notice of the obstruction of justice charges against him and is able to plead double jeopardy in any future prosecution for the same offense. The Motion is merely an attempt to learn the government's theories, strategies, and evidence prior to trial. To support its position, the United States submits the following:

**I.     The Section 1512(b)(3) Charges Against Defendant are Well Pled and Provide Him with Notice of these Offenses and Enable Him to Plead Double Jeopardy in any Future Prosecution for the Same Offense.**

Federal Rule of Criminal Procedure 7(c) requires an indictment to be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P.

7(c). "The sufficiency of a criminal indictment is determined from its face." United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). Importantly, "[t]here is no summary judgment procedure in criminal cases," nor is the court permitted to make a "pre-trial determination of sufficiency of the evidence." Id. See United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) ("A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure.").

"Linguistic precision is not required in an indictment." United States v. deVegter, 198 F.3d 1324, 1330 (11th Cir. 1999), cert. denied, 530 U.S. 1264 (2000). "When analyzing challenges to the sufficiency of an indictment, courts give the indictment a common sense construction, and its validity is to be determined by practical, not technical, considerations." United States v. Gold, 743 F.2d 800, 812 (11th Cir. 1984) (citations and quotations omitted), cert. denied, 469 U.S. 1217 (1985). "[T]he test of the validity of an indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." United States v. Caldwell, 302 F.3d 399, 410 (5th Cir. 2002) (citations and quotations omitted).

> The indictment is sufficient if it charges in the language of the statute. "An indictment must be sufficiently sufficient to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecution for the same offense. An indictment satisfies these requirements as long as the language therein sets forth the essential elements of the crime."

Critzer, 951 F.2d at 307-08 (quoting United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985)).

The Section 1512(b)(3) counts in the second superseding indictment are well pled and pass constitutional muster. Defendant in no way claims that he does not understand the obstruction of justice charges against him or that he will be unable to plead double jeopardy in any future

prosecution. Rather, Defendant evidences a clear understanding of the charges against him and argues that the United States will not be able to convict him under the "misleading conduct" provision of Section 1512(b)(3) for failure of proof. Hamrick Mot. at 2-3. Defendant's argument, therefore, is a motion to dismiss on sufficiency of evidence grounds, which is entirely premature, regardless of its merit (of which it has none). Salman, 378 F.3d at 1268.

Defendant also fails to understand the scope of Section 1512(b)(3). The Eleventh Circuit, in United States v. Veal, 153 F.3d 1233 (11th Cir. 1998), cert. denied, 526 U.S. 1147 (1999), affirmed the convictions of several defendants under Section 1512(b)(3) because they engaged in "misleading conduct" through "activities designed to create witnesses as part of a cover-up and to use unwitting third parties or entities to deflect the efforts of law enforcement agents in discovering the truth." Id. at 1247. The Court described Section 1512(b)(3) as a "broad" statute, id. at 1246, and noted that Congress created Section 1512 (as well as Section 1513) to provide for an "entirely new and broader set of obstruction of justice offenses" than was covered by the earlier version of 18 U.S.C. § 1503. Id. at 1247 n.17. Congress' intent in passing Section 1512(b)(3) was to provide "'protection against the rare type of conduct that is the product of the inventive criminal mind and which also thwarts justice.'" Id. at 1247 (quoting Victim & Witness Protection Act of 1982, S. Rep. No. 97-532, at 18 (1982), reprinted in 1982 U.S.C.C.A.N. 2515, 2524). Section 1512(b)(3) thus covers any "'conduct the function of which is to tamper with a witness, victim, or informant in order to frustrate the ends of justice.'" Id.

A proper understanding of the scope of Section 1512(b)(3), enlightened by a reading of Veal, renders specious Defendant's argument that the Section 1512(b)(3) charges in the second superseding indictment are defective because they allege that Defendant engaged in misleading

conduct. The United States has properly pled the elements of Section 1512(b)(3) and tracked the language of the statute. Defendant is on notice of these charges and is able to plead double jeopardy in any future prosecution for these offenses. The law requires no more. Critzer, 951 F.2d at 307-08.

Defendant's Motion appears to be little more than an attempt to learn of the government's trial theories, strategies, and evidence prior to the commencement of trial – information to which Defendant is not entitled. See United States v. Barrentine, 591 F.2d 1069, 1077 (5th Cir.), cert. denied, 444 U.S. 990 (1979) (noting the lack of a requirement that "'the prosecution must reveal before trial the names of all witnesses who will testify unfavorably'") (quoting Weatherford v. Bursey, 429 U.S. 545, 559-61 (1977))[1]; United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.) (holding that "defendants are not entitled to discover all the overt acts that might be proved at trial"), cert. denied, 439 U.S. 819 (1978); United States v. Pena, 542 F.2d 292, 294 (5th Cir. 1976) (recognizing that a defendant has "no right" to a list of the government's possible witnesses at trial). At trial, the government will prove beyond a reasonable doubt that Defendant Hamrick violated Section 1512(b)(3). At the close of the government's case-in-chief, and not before, Defendant will have the opportunity to challenge the government's proof on sufficiency grounds.

**II.    Conclusion**

The counts in the second superseding indictment charging Defendant Hamrick with a violation of Section 1512(b)(3) notify him of these charges and enable him to plead double jeopardy in any future prosecution for these offenses. Section 1512(b)(3), which includes a "misleading conduct" provision, is a broad statute, not as narrowly cabined as Defendant suggests. Defendant's

---

[1] See Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981).

Motion is nothing more than a challenge to the sufficiency of the evidence, and an effort to learn of the government's theories, strategies, and evidence prior to trial. Therefore, the Motion must be denied.

Respectfully submitted this the 6th day of March, 2006

| | |
|---|---|
| LOUIS V. FRANKLIN, SR.<br>ACTING UNITED STATES ATTORNEY | ANDREW C. LOURIE<br>ACTING CHIEF, PUBLIC INTEGRITY SECTION |

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

/s/ Joseph L. Fitzpatrick, Jr. Special Assistant
United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.    )<br>)   CRIMINAL NO. 2:05-CR-119-F<br>DON EUGENE SIEGELMAN,   )<br>PAUL MICHAEL HAMRICK,   )<br>GARY MACK ROBERTS, and  )<br>RICHARD M. SCRUSHY   ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J