**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CRIMINAL NO. 2:05-CR-119-MEF** |
| **DON EUGENE SIEGELMAN,** | ) | |
| **PAUL MICHAEL HAMRICK,** | ) | |
| **GARY MACK ROBERTS, and** | ) | |
| **RICHARD M. SCRUSHY** | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT HAMRICK'S MOTION TO DISMISS
THE HONEST SERVICES FRAUD CHARGES IN COUNTS ONE, TWO, AND TEN
THROUGH FOURTEEN OF THE INDICTMENT**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting

United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of

the Public Integrity Section of the Criminal Division of the United States Department of Justice, and

hereby files its Response to Defendant Hamrick's Motion to Dismiss the "Honest Services" Charges

in Counts One, Two, and Ten Through Fourteen of the Indictment (hereinafter, the "Motion"). In

the Motion, Defendant Hamrick moves to dismiss from the second superseding indictment the

counts charging honest services mail and wire fraud (hereinafter "honest services fraud")[1] on the

ground that they are "legally flawed" because some of the mailings or wires occurred after he left

---

[1] Defendant Hamrick is charged with RICO conspiracy in Count 1; RICO in Count 2; honest services mail fraud in Counts 10 through 12; and honest services wire fraud in Counts 13 and 14. Because the merit of Defendant Hamrick's allegations depends on the sufficiency of the second superseding indictment as to the honest services fraud counts, the United States will address his arguments as strictly attacking those counts. Furthermore, because "[e]xcept for the jurisdictional nexus (mails in § 1341, interstate wires in § 1343), the statutes are the same, are interpreted identically, and cases decided under one are controlling under the other," United States v. deVegter, 198 F.3d 1324, 1327 n.1 (11th Cir. 1999), cert. denied, 530 U.S.1264 (2000), and Defendant's contention relates only to a commonality of the two offenses, the United States, in this Response, applies the jurisprudence of honest services fraud without differentiating between the mail and wire fraud statutes.

public employment and are thus not within the ambit of the honest services fraud offense. This Court should deny the Motion because it is a premature Rule 29 motion. In addition, the indictment is well pled as to the challenged counts under 18 U.S.C. §§ 1341, 1343, and 1346 and the relevant case law. Substantial authority from this and other Circuits rejects the notion that the defendant himself must owe an independent duty to the public to be liable for a scheme to deprive a State and its citizens of the honest services of public officials. Each count encompassing a honest services fraud offense sets forth the required elements in a manner that informs Defendant of the charges against which he must defend and enables him to assert double jeopardy as a bar to any future prosecution for the same offense. To support its position, the United States submits the following:

I.    **The Proper Analytical Framework to Assess Defendant Hamrick's Allegation that the Second Superceding Indictment is Insufficient as to the Honest Services Fraud Counts**

Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). "By now it has become well-established that '[t]he sufficiency of a criminal indictment is determined from its face.'" United States v. Sharpe, No. 05-11553, 2006 WL 278158 at *5 (11th Cir. Feb. 7, 2006) (citations omitted). Evidence outside the indictment is irrelevant to a determination of whether the indictment itself is legally sufficient. United States v. Mann, 517 F. 2d 259, 266-67 (5th Cir. 1975), cert. denied, 423 U.S. 1087 (1976).[2] Importantly, "[t]here is no summary judgment procedure in criminal cases," nor is the court permitted to make a "pre-trial determination of sufficiency of the evidence." United States v. Critzer, 951 F.2d 306, 307 (11th Cir.

_____

[2]See Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981).

1992).  See United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004) ("A motion for acquittal

under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases

because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits

under the Federal Rules of Criminal Procedure.").

> The indictment is sufficient if it charges in the language of the statute.  "An
> indictment must be sufficiently sufficient to inform the defendant of the charge
> against him and to enable him to plead double jeopardy in any future prosecution
> for the same offense.  An indictment satisfies these requirements as long as the
> language therein sets forth the essential elements of the crime."

Critzer, 951 F.2d at 307-08 (quoting United States v. Cole, 755 F.2d 748, 759 (11th Cir. 1985)).

"Linguistic precision is not required in an indictment."  United States v. deVegter, 198 F.3d

1324, 1330 (11th Cir. 1999), cert. denied, 530 U.S. 1264 (2000).  "When analyzing challenges to the

sufficiency of an indictment, courts give the indictment a common sense construction, and its

validity is to be determined by practical, not technical, considerations."  United States v. Gold, 743

F.2d 800, 812 (11th Cir. 1984) (citations and quotations omitted), cert. denied, 469 U.S. 1217

(1985).  "[T]he test of the validity of an indictment is not whether the indictment could have been

framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."

United States v. Caldwell, 302 F.3d 399, 410 (5th Cir. 2002) (citations and quotations omitted).

The elements of a Section 1341 mail-fraud offense and a Section 1343 wire-fraud offense

are that the defendant (1) intentionally participated in a scheme or artifice to defraud, and (2) to

further that scheme, used the mails or interstate wire communications, respectively.  Sharpe, 2006

WL 278158, at *6; deVegter, 198 F.3d at 1328 n.4.  The "scheme or artifice to defraud" "must

involve either a material false representation of fact or a failure to disclose material information by

one who has a duty to disclose it."  Castro v. United States, 248 F. Supp. 2d 1170, 1193 (S.D. Fla.

2003). See also Neder v. United States, 527 U.S. 1, 25 (1999) ("materiality of falsehood" is an element of mail and wire fraud, despite the fact that materiality is not a statutory element). The "scheme or artifice to defraud" includes "a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346.

Eleventh Circuit Pattern Jury Instructions (Criminal) 50.2 and 51.2 set forth the elements of the offenses of honest services mail and wire fraud, as follows.[3]

First:      That the Defendant knowingly devised or participated in a scheme to fraudulently deprive the public of the intangible right of honest services, as charged;

Second:     That the Defendant did so willingly with an intent to defraud; and

Third:      That the Defendant used [the United States Postal Service by mailing or by causing to be mailed] [a private or commercial interstate carrier by depositing or causing to be deposited with such carrier] some matter or thing for the purpose of executing the scheme to defraud. (Honest Services Mail Fraud, 18 U.S.C. §§ 1341 and 1346);

OR

Third:      That the Defendant transmitted or caused to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud. (Honest Services Wire Fraud, 18 U.S.C. §§ 1343 and 1346).

## II.   Defendant Hamrick's Motion to Dismiss Should Be Denied Because it is Only a Guise for a Premature Challenge to the Sufficiency of the Evidence Under Rule 29

The allegations of Defendant Hamrick's Motion are premised, in their entirety, on his assertions in the first paragraph of the Motion that he "served the State of Alabama honestly and well"; that the honest services charges are "factually false"; and that they "allege things that did not

---

[3]The two offenses share the first two elements. The third element supplies a different jurisdictional nexus for each.

happen." Hamrick Mot. at 1.  A review of the remainder of the Motion reveals that it is nothing more than a premature presentation of a sufficiency-of-the-evidence argument.

As discussed <u>supra</u>, "[t]here is no summary judgment procedure in criminal cases," nor is the court permitted to make a "pre-trial determination of sufficiency of the evidence." <u>Critzer</u>, 951 F.2d at 307.  Rather, in ruling on a motion to dismiss the indictment for failure to charge an offense, the Court is limited to the face of the indictment, and the sufficiency of the evidence is not an issue. Defendant Hamrick's assertion that he, as a private citizen or a non-public-official, could not deprive the public of honest governmental services is a premature sufficiency-of-the-evidence question. <u>See</u>, <u>e.g.</u>, <u>United States v. Hasner</u>, 340 F.3d 1261, 1270-73 (11th Cir. 2003) (the defendant's issue of whether she, as a consultant, deprived the public of the local housing authority chairman's honest services was presented and addressed in the context of the sufficiency of the evidence), <u>cert. denied</u>, 543 U.S. 810 (2004).  Thus, the succinct response to the Motion is that Defendant must reserve his current arguments until the conclusion of the government's case-in-chief.  <u>See</u> <u>Salman</u>, 378 F.3d at 1268.

## III.    Defendant Hamrick's Motion to Dismiss Should be Denied Because the Honest Services Fraud Counts are Sufficient as a Matter of Law

The honest services fraud counts charge Defendant Hamrick with a scheme and artifice to defraud and deprive the State of Alabama of its right to the honest and faithful services of himself and Defendant Siegelman as public officials and employees of the State.  <u>See</u>, <u>e.g.</u>, Second Superseding Indictment, at ¶ 28.  Defendant argues that the time frame of the charges cover a period when he was a private citizen or non-public-official; during that time, he did not have a "special relationship" or "de facto control" over governmental decisions; and therefore, he cannot be charged

for a scheme to deprive the State of "honest <u>governmental</u> services" in regard to those particular mailings or wires.  Hamrick Mot. at 4, 14 (emphasis in original).

Defendant's rationale falls short on several fronts.  First, his assertion that a non-government-official cannot deprive the public of honest governmental services is based on too narrow a premise, i.e., that a person no longer a public employee no longer owes the public a duty to render honest governmental services.  Obviously, the duty breached does not necessarily have to belong to the defendant himself.  Put another way, the defendant may not owe an independent duty to the State or citizenry.  Rather, the defendant, though himself not a public sector employee, can intend to deprive the public of a public official's honest services.  <u>See</u> <u>deVegter</u>, 198 F.3d at 1328 ("Public officials inherently owe a fiduciary duty to the public to make governmental decisions in the public's best interest."); <u>United States v. Lopez-Lukis</u>, 102 F.3d 1164, 1169 (11th Cir. 1997) ("If the official instead secretly makes his decision based on his own personal interests – as when an official accepts a bribe or personally benefits from an undisclosed conflict of interest – the official has defrauded the public of his honest services.").  <u>See also</u> <u>deVegter</u>, 198 F.3d at 1328 ("taking kickbacks or benefitting from an undisclosed conflict of interest will support the conviction of a public official for depriving his or her constituents of the official's honest services because . . . [w]hen official action is corrupted by secret bribes or kickbacks, the essence of the political contract is violated'") (quoting <u>United States v. Jain</u>, 93 F.3d 436, 442 (8th Cir. 1996), <u>cert</u>. <u>denied</u>, 520 U.S. 1273 (1997)).

Precedent from this and other Circuits teaches that a defendant, while a non-public-official, may be exposed to criminal liability for a scheme to deprive the public of a public official's honest services.  <u>See</u>, <u>e.g.</u>, <u>Hasner</u>, 340 F.3d 1261 (consultant's scheme to deprive the public of the local

-6-

housing authority chairman's honest services); <u>Lopez-Lukis</u>, 102 F.3d 1164 (a lobbyist's scheme to deprive citizens of the honest services of a county commissioner by inducing the commissioner to give his clients the commissioner's vote and control of the board on key issues). <u>See</u> <u>also</u> <u>United States v. Sawyer</u>, 239 F.3d 31 (1st Cir. 2001) (where a lobbyist, with continuing and long-term interests before a State legislature, engaged in a generalized pattern of giving things of value to induce ongoing favorable official action from a public official, the court stated that, in a prosecution of the non-public-official for scheming to defraud the public of the official's honest services, the government must prove that the target of the scheme is the deprivation of the official's honest services). Thus, the second superceding indictment properly charges, <u>inter</u> <u>alia</u>, that Defendant Hamrick, even when no longer officially being paid by the State of Alabama, intended to and did engage in a scheme to deprive the State of the honest services of Defendant Siegelman, who at all times charged in the second superseding indictment was a public official.

Moreover, Defendant Hamrick erroneously assumes that a duty to render honest governmental services must be coterminous with the mailings and wires used to further the scheme to defraud. The Tenth Circuit in <u>United States v. Worley</u>, 751 F.2d 348 (10th Cir. 1984), rejected the argument that county warrants sent to vendors after the defendant left public office were not part of the scheme to defraud and therefore could not be used as proof of honest services mail fraud. The court noted that "to commit mail fraud a defendant must set forces in motion which . . . would involve mail uses, . . . [and t]he only causation required by the mail fraud statue is whether the defendant could reasonably foresee the occurrence of mailings." <u>Id</u>. at 350 (quotations and citation omitted). According to the court, the post-public-office mailings were properly charged as honest services mail fraud counts because "all was set in motion as part of the scheme and by defendant's

-7-

acts." This observation applies equally to Defendant Hamrick. The second superseding indictment thus properly charges that the illegal scheme to defraud the State of <u>his</u> honest services while in State service, and his concomitant criminal liability, did not cease when he left State service. <u>See</u> <u>Hasner</u>, 340 F.3d at 1272 (the fraud "did not achieve fruition until [a defendant] received the checks from the ill-obtained contract"; thus, the mailing element was satisfied).

The hard and fast rule, as advocated by Defendant Hamrick, would impermissibly circumvent the ordinate principle that the factual allegations of the indictment must be taken as true in a Rule 12(b) motion. According to well-established case law, it must be taken as true that the designated mailings, regardless of when sent, were part of the charged scheme to defraud and deprive the State of its right to the honest and faithful services of Defendants Hamrick and Siegelman as public officials and employees of the State. Moreover, such an inflexible rule would narrow the parameters of Section 1346 and "'belie a clear congressional intent to construe the mail fraud statute broadly.'" <u>Lopez-Lukis</u>, 102 F.3d at 1171 (quoting <u>Castro</u>, 89 F.3d at 1456).

Further, Defendant Hamrick ignores his and Defendant Siegelman's being properly charged with aiding and abetting each other under 18 U.S.C. § 2 in the commission of the honest services fraud schemes. <u>See</u>, <u>e.g.</u>, Second Superseding Indictment at ¶ 28. "Aiding and abetting 'is an alternative charge in every count, whether explicit or implicit, and the rule is well-established . . . that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense.'" <u>United States v. Howard</u>, 13 F.3d 1500, 1502 (11th Cir. 1994) (quoting <u>United States v. Bullock</u>, 451 F.2d 884, 888 (5th Cir. 1971)). "To support a conviction for aiding and abetting an offense, the evidence must simply show that 'the defendant was associated with the criminal venture, participated in it as something he wished to bring about,

and sought by his action to make it succeed.'" Id. at 1502 (quoting United States v. Hewitt, 663 F.2d

1381, 1385 (11th Cir. 1981)). "The evidence need not show that the defendant participated in every

phase of the venture." Id. See Eleventh Circuit Pattern Jury Instruction 7, Aiding and Abetting

(Agency), 18 U.S.C. § 2 ("[I]f the Defendant aids and abets another person by willfully joining

together with that person in the commission of a crime, then the law holds the Defendant responsible

for the conduct of that other person just as though the Defendant had personally engaged in such

conduct."). Defendant Hamrick is thus properly charged as both a principal and aider and abettor

based on his participation in the honest services fraud schemes with Defendant Siegelman. See

United States v. Paradies, 98 F.3d 1266, 1282 (11th Cir. 1996) (recognizing that a defendant may

be guilty of honest services fraud as an aider and abettor based on his active participation in the

scheme), cert. denied, 521 U.S. 1106, and cert. denied, 522 U.S. 1014 (1997).

        Each of the honest services fraud counts in which Defendant is charged arises out of a

bribery scheme in which he participated – the paradigm case of honest services fraud. See deVegter,

198 F.3d at 1327-28 (citing Lopez-Lukis, 102 F.3d at 1165 n.1). In addition, the challenged counts

specifically cite to the particular statutes violated. See United States v. Stefan, 784 F.2d 1093, 1101-

02 (11th Cir.), cert. denied, 479 U.S. 855, and cert. denied, 479 U.S. 1009 (1986) (if the indictment

specifically refers to the statute on which the charge is based, the defendant cannot claim lack of

adequate notice of the charge against him). The indictment properly charges Defendant of the honest

services fraud counts. If Defendant believes the evidence is insufficient to establish his guilt, he

must save that challenge to the conclusion of the government's case-in-chief.

## IV.    Conclusion

        The honest services fraud counts against Defendant Hamrick in the second superceding

indictment are well pled.  They set forth the required elements and factual bases of these offenses and protect Defendant against any subsequent prosecution for the same offenses.  The law requires no more.  Consequently, this Court should deny the Motion.

Respectfully submitted this the 6th day of March, 2006

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY

ANDREW C. LOURIE
ACTING CHIEF, PUBLIC INTEGRITY
SECTION

/s/ Louis V. Franklin, Sr.
Acting United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: louis.franklin@usdoj.gov

/s/Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building - 12th Floor
Washington, DC 20530
Phone: (202)514-1412
Fax:    (202)514-3003
Email: richard.pilger@usdoj.gov

/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7135
Email:  jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:    (334)242-4890
Email:  jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:    (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374A60S

/s/ Joseph L. Fitzpatrick, Jr. Special Assistant
United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | |
| | **)** | **CRIMINAL NO. 2:05-CR-119-MEF** |
| **DON EUGENE SIEGELMAN** | **)** | |
| **PAUL MICHAEL HAMRICK** | **)** | |
| **GARY MACK ROBERTS, and** | **)** | |
| **RICHARD M. SCRUSHY.** | **)** | |

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on March 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                        Respectfully submitted,

                                        LOUIS V. FRANKLIN, SR.
                                        ACTING UNITED STATES ATTORNEY


                                        /s/ J.B. Perrine
                                        Assistant United States Attorney
                                        One Court Square, Suite 201
                                        Montgomery, AL 36104
                                        Phone: (334) 223-7280
                                        Fax: (334) 223-7135
                                        E-mail: jb.perrine@usdoj.gov
                                        ASB-9077-E31J