IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 2:05cr119-MEF |
| | ) | (WO) |
| PAUL MICHAEL HAMRICK | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The defendant has filed two motions (doc. ## 155 and 156) to dismiss the indictment; both are due to be denied.

**The "Honest Services" Mail and Wire Fraud Counts.** Hamrick first seeks dismissal of the 18 U.S.C. § 1346 "honest services" charges against him in counts 10-14 of the indictment as well as counts 1 and 2 "to the extent that they rely on the honest services charges . . . " (Hamrick Mot. to Dismiss at 1). In support of this motion, Hamrick argues that the premise of the charges against him are "factually false" because during the relevant periods of time, he was a private citizen.

Several observations are necessary. First, counts 10-14 are not based solely on 18 U.S.C. § 1346 which is merely a statute defining the term "scheme or artifice to defraud" as including "a scheme or artifice to deprive another of the intangible right of honest services." The principle basis for the honest services mail fraud charges against Hamrick in counts 10-12 is found in 18 U.S.C. § 1341 which provides as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any

> counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

The principle basis for the honest services wire fraud charges against Hamrick in counts 13-14 is found in 18 U.S.C. § 1343 which provides as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

In addition, all of these counts charge Hamrick with aiding and abetting the other defendant named in the counts in violation of 18 U.S.C. § 2. Each of the counts of the indictment track the statutory language with respect to the charges.

Hamrick, however, contends that the charges in the indictment "encompass significant portions of time in which Mr. Hamrick was out of government service." (Hamrick Mot. to Dismiss at 2). Consequently, Hamrick argues that the charges against him must be dismissed

2

because the statute covers only the failure to render honest governmental service to the public as opposed to a duty to render honest commercial service.

Hamrick presents in his motion an interesting history of the nature and development of the honest services fraud doctrine. Nonetheless, his argument remains essentially the same throughout his motion: because he was a private citizen, he cannot be legally liable of the charges. To the extent Hamrick's motion is premised on a factual question about whether he was a private citizen, it fails.

> There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. . . . The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute.

*United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam)); *see also United States v. DeLaurentis*, 230 F.3d 659, 661 (3rd Cir. 2000).

In addition, Hamrick overlooks the 18 U.S.C. § 2 charge present in all of the counts. Even if the facts demonstrate that he was a private citizen during all or part of the time covered by the charges, he has not shown that, as a matter of law, a private citizen cannot be liable criminally for aiding and abetting a state official who violates the honest service fraud statutes.[1]

**The Misleading Conduct Portions of Counts One, Two and Fifteen**. Count 15 of the second superseding indictment charges that Hamrick in violation of 18 U.S.C. §

---

[1] Hamrick correctly points out that ¶ 1.d. of the second superseding indictment shows that as to counts 11 and 12 he was not employed by the State of Alabama.

1512(b)(3)[2]

>did knowingly corruptly persuade and attempt to knowingly corruptly persuade another person, and did engage in misleading conduct toward another person, with intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission of a federal offense and a possible commission of a federal offense, to wit, defendant PAUL MICHAEL HAMRICK did give a check in the amount of $3,000 to Clayton "Lanny" Young with intent to hinder, delay, and prevent communication to the Federal Bureau of Investigation by Clayton "Lanny" Young of information concerning federal offenses related to $6,000 that Clayton "Lanny" Young gave to PAUL MICHAEL HAMRICK on September 25, 2000.

Hamrick argues that the "misleading conduct" provision of the statute does not cover or apply to the payment of money as alleged in the indictment. As earlier noted, there is no summary judgment procedure in criminal cases. While in some circumstances Hamrick might be correct that the mere payment of money to a person would not be misleading conduct, there also might be factual scenarios under which a payment of money could amount to misleading conduct in violation of the statute. The question is for a jury to decide after hearing the evidence and upon proper instructions from the court. For these reasons, Hamrick's motion is not well taken.

---

[2] 18 U.S.C. § 1512(b)(3) provides, in pertinent part, as follows:

(b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to –

>(3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release, parole, or release pending judicial proceedings;

**Counts One and Two.** Throughout his motions Hamrick argues those portions of counts one and two of the second superseding indictment which rely on the substantive charges in counts 10 through 14 should be struck for the same reasons that counts 10 through 14 should be dismissed.  For the reasons already discussed, the motion to strike relating to counts one and two should be denied.

For all these reasons, it is the RECOMMENDATION of the Magistrate Judge that Hamrick's motions to dismiss (doc. # 155 and 156) be denied.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before March 28, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of March, 2006.

                                            /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE