IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 2:05cr119-MEF |
| | ) | (WO) |
| PAUL MICHAEL HAMRICK | ) | |

**ORDER**

Defendant Hamrick is charged in count one of the second superseding indictment with RICO conspiracy in violation of 18 U.S.C. § 1962(d); in count two of the indictment with a substantive RICO charge in violation of 18 U.S.C. § 1962(c); in counts ten through twelve with honest services mail fraud in violation of 18 U.S.C. §§ 2, 1341 and 1346; in counts thirteen and fourteen with honest services wire fraud in violation of 18 U.S.C. §§ 2, 1343 and 1346; and in count fifteen with obstruction of justice in violation of 18 U.S.C. § 1512(b)(3). On February 27, 2006, Hamrick filed a motion (doc. # 157) for a bill of particulars pursuant to FED.R.CRIM.P. 7(f). After review of the motion, the court concludes that it is due to be denied.

The United States has provided the defendants in this case substantial discovery allegedly amounting to more than one million images of documents and other discoverable matter. A bill of particulars is warranted where, although an indictment is sufficient to withstand a motion to dismiss, it does not provide the defendant with enough information about the charges to prepare his defense. *United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978). "The purpose of a true bill of particulars is three-fold: 'to inform the defendant of the

charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.' A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (citations omitted, emphasis in original.) Therefore, although information requested might be of some use to a defendant, this reason alone does not warrant the issuance of a bill of particulars. A bill of particulars is not a device designed to enable a defendant to engage in generalized discovery or to enable a defendant to obtain detailed exposition of the government's evidence or legal theories. *Anderson*, 799 F.2d at 1441; *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985); *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).[1]

> To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule. Rule 16(b)(2) of the Federal Rules of Criminal Procedure states that the rule "does not authorize the discovery or inspection of . . . statements made . . . by government . . . witnesses, or by prospective government . . . witnesses." A defendant who desires a list of government witnesses - or "unindicted co-conspirators" - could thus bypass the Rule 16(b) restriction on discovery by asking for and receiving a "bill of particulars" pursuant to FED.R.CRIM.P. 7(f), which simply provides that "[t]he court may direct the filing of a bill of particulars." Because a defendant has no right to obtain a list of witnesses by simply calling his request a "bill of particulars," *see United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976), we decline to apply a mechanical rule whereby a bill of particulars is automatically accorded the status of a supplement to an indictment.

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Anderson,* 799 F.2d at 1442.

The indictment in this case sufficiently informs the defendant of the charges against which he must defend. *See United States v. Sanchez*, 269 F.3d 1250, 1314 (11th Cir. 2001) (A grand jury indictment must set forth each essential element of the offense in order for the conviction to stand.) Many of the specific questions posed by Hamrick in his motion amount to contention interrogatories of the type commonly used in civil litigation but which are not proper in the criminal law context.

There is one type of request which the court will discuss with particularity. Hamrick seeks disclosure of the names of unindicted co-conspirators. The government has no general obligation to disclose the names of unindicted co-conspirators who will not be called as witnesses, *United States v. White,* 846 F.2d 678, 693 (11th Cir. 1988), and, of course, the defendant is not entitled to the government's witness list. It is correct that a bill of particulars may be "a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses." *Anderson,* 799 F.2d at 1442 n. 5 (quoting *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979)). But the existence of a procedure for obtaining information does not mean that the information necessarily is discoverable. It is settled that a defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. *Rogers v. United States*, 340 U.S. 367, 375 (1951); *United States v. Preuett*, 551

F.2d 1365, 1369 (5th Cir. 1977). Hamrick has not shown why the identity of the unindicted coconspirators is necessary for the preparation of his defense. Accordingly, it is

ORDERED that the motion for a bill of particulars be and is hereby DENIED.

Done this 15th day of March, 2006.

                                        /s/Charles S. Coody
                                    CHARLES S. COODY
                                    CHIEF UNITED STATES MAGISTRATE JUDGE