IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:05-cr-119-MEF |
| ) | |
| DON EUGENE SIEGELMAN ) | |
| PAUL MICHAEL HAMRICK ) | |
| GARY MACK ROBERTS ) | |
| RICHARD M. SCRUSHY ) | |

**ORDER ON PRETRIAL AND TRIAL PROCEDURES**

On March 14, 2006, a status conference was held in the above-styled case. Following such conference, it is hereby ORDERED as follows:

**I.     Pretrial**

1. As set forth in the January 23, 2006 Scheduling Order (Doc. # 103), Motions in Limine, proposed voir dire, and proposed jury instructions must be filed with supporting briefs on or before April 3, 2006.  Responses with supporting briefs are due on or before April 10, 2006.  In preparing their proposed voir dire, counsel is reminded to review the written juror questionnaire, as during voir dire the Court will not ask any questions already covered by the written questionnaire.

2. The attorneys for each party are required to attend a face-to-face conference no later than April 14, 2006 at a time and place to be mutually agreed upon.

3. At the face-to-face conference, the parties are to make a good faith effort at stipulating to any facts that would shorten trial time. The parties are to file those stipulations with the Court on or before April 17, 2006.

4. All exhibits must be premarked (e.g., "Government Exhibit 1," "Siegelman Exhibit 1," etc.) and must be exchanged at the face-to-face conference to be held on or before April 14, 2006. Objections to any exhibits must be filed on or before April 18, 2006 and responses to objections must be filed on or before April 21, 2006. Any exhibit not objected to will be deemed admissible but not admitted unless stipulated to by the parties in the stipulation of facts due on or before April 17, 2006.

One copy of each Defendant's witness list and exhibit list is due to the United States on or before April 14, 2006. One copy of the United States' witness list and exhibit list is due to each Defendant on or before April 14, 2006.

Three copies of witness lists and exhibit lists and two copies of exhibits from all parties are due to the Court on or before April 28, 2006.

## II.    Jury Selection

5. Juror questionnaires will be made available to counsel one week prior to jury selection. The questionnaires will be provided in electronic format (on CD-ROM) and will be available to be picked up from the Clerk's office. Prior to or at the time of picking up the questionnaires, counsel will certify to the Court that they will keep confidential the information in the questionnaires and will affirmatively agree to be responsible for their receipt, review, maintenance, and destruction. Juror names will be available to counsel on April 17, 2006.

6. The counsel and parties shall not reveal the contents of the questionnaires to

anyone not directly involved in the litigation of this cause. Upon completion of the empaneling of the jury, the parties shall immediately destroy all copies (including electronic copies) of the questionnaires of all jurors, including the questionnaires of the 18 jurors selected to serve.

7. Jurors will be selected in panels of 25-30. On the first day of jury selection, three panels will be brought in for voir dire. Following the voir dire of the first three panels, counsel will strike jurors from the first two panels. Additional panels will then be brought in if necessary.

8. The Court will conduct voir dire but will allow counsel to ask follow-up questions. Each Defendant will be given 15 minutes per panel for questioning. The United States will be given a total of 30 minutes per panel, to be divided up as they choose.

9. The identities of the jurors shall not be revealed to the public or the press. Any contact with jurors, whether by party, counsel, press, or public will be deemed an act of contempt of this Order. In the event of any contact with any juror, the Court will make inquiry into how the juror information became available. Anyone violating this Order will be subject to criminal contempt proceedings. *See* 18 U.S.C. § 401; 18 U.S.C. § 402. Counsel shall provide a copy of this Order to anyone from either side having any access to the jury questionnaires.

All references to the jurors in public, including within the courtroom, shall be by juror number only.

10. Jurors will not be sequestered in the traditional sense, but will be partially sequestered. That is, the United States Marshals Service will be responsible for bringing the jurors to court each morning. The Court will provide breakfast, lunch, and if necessary dinner consistent with the Order for Partial Sequestration dated March 22, 2006 (Doc. # 251).

11. The Court expects all parties and attorneys to act in an appropriate manner during jury selection and trial so as to avoid the necessity of the jury having to be fully sequestered. If the jury were required to be sequestered through the willful violation by any party or attorney of this Court's Order, then the Court will order the jurors' immediate sequestration through the conclusion of trial.

### III. Trial Procedure

12. Unless otherwise agreed to by the Defendants, each Defendant will be given three seats at counsel table, one for himself and two for counsel. The United States will be given a minimum of four seats at counsel table. During trial, both sides are free to rotate the counsel who sit at counsel table if they choose to do so.

13. Upon request from counsel, the Court will set up a small table behind each counsel table to accommodate computers and/or other technology equipment.

14. There will be a limited amount of seating reserved for members of the press. Any members of the press who wish to have access to the reserved seating must register with the United States Marshals Service no later than April 17, 2006. They must provide the

Marshals with their names, photo IDs, and authenticated press credentials. The Clerk of the Court is DIRECTED to send a copy of this Order to the press through the standard procedures utilized by the Court for notifying the press. All other seats will be open to the public on a first-come, first-served basis.

15. All parties and attorneys are reminded of the Court's policy on photography, broadcasting, recording, and electronic devices. This policy is available for viewing at http://www.almd.uscourts.gov. Though not specifically mentioned in the policy, any cell phones, PDAs, or other electronic devices with photographic, audio or video recording capabilities are also prohibited in the courtroom.[1]

16. No one will be permitted to enter or leave the courtroom during voir dire, questioning of witnesses, or attorney argument. This rule applies not only to spectators, but also to parties, attorneys, their staff, and members of the press. A simulcast of the trial will be provided in another courtroom from which spectators will be permitted to enter and leave more freely.

17. Unless otherwise agreed to among the Defendants, the order for opening statements, presentation of evidence, and cross-examination will be the order in which Defendants are named in the caption on the face of the indictment.

18. Sidebars and objections which require argument outside the presence of the jury will be kept to a minimum and as time permits will be taken up before trial each morning,

---

[1] "Courtroom" includes the courtroom and its environs as defined in the policy.

5

after trial each evening, during lunch, or on weekends.

19. If any Defendant makes an objection at trial, it will be presumed that all other Defendants have joined in the objection unless a Defendant specifically states that he does not join in the objection or objects on different grounds. Therefore, it will not be necessary for Defendants to state at trial that they join in any objection made by another Defendant.

20. Only one attorney may question each witness, and only that attorney may make objections during the cross-examination of that witness. This rule will be strictly enforced.

DONE this the 22nd day of March, 2006.

                                                  /s/ Mark E. Fuller
                                       CHIEF UNITED STATES DISTRICT JUDGE