IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | \* | |
| | \* | |
| v. | \* | Case No. 2:05-cr-119-MEF |
| | \* | |
| PAUL MICHAEL HAMRICK | \* | |

**OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION**

Mr. Hamrick respectfully objects to the Recommendation regarding his two motions to dismiss. The section on Mr. Hamrick's honest services motion (pp. 1-3, 5) addressed the wrong issues. It dealt with two points Mr. Hamrick did not raise and did not address the point he did raise. The section on Mr. Hamrick's obstruction motion (pp. 3-4, 5) misread the law. Adopting the Recommendation would create reversible error.

Mr. Hamrick's motions are limited. Granting them will not end the case against him. But the points of law he makes are not subject to significant dispute. Granting these limited motions will remove the improperly-alleged charges and pare the case down to the properly-alleged charges. Leaving the improperly-alleged charges in will mean that the issues in Mr. Hamrick's motions will recur throughout the trial and, if necessary, on appeal. They will obscure and disrupt the focus on the properly-alleged charges. The Court can and should dismiss the improperly-alleged charges now.

### I. Motion to Dismiss The Portions of Counts One, Two, and Ten Through Fourteen Charging Mr. Hamrick With Honest Governmental Services Mail and Wire Fraud During The Period The Prosecution Alleges He Was A Private Citizen

Parts of Counts One, Two, and Ten through Fourteen charge Mr. Hamrick with, among other things, honest services mail and wire fraud. The prosecution alleges that he defrauded the State of Alabama of its right to his own honest governmental services. It alleges he did so by

using his "position[] in the Executive Department of the State of Alabama [and his] official power, actions, and influence" to commit five listed acts of influence, and to cause five listed mailings and eight listed wirings. *Second Superseding Indictment* ¶¶ 28-33, 61-65.

Two of the acts, three of the mailings, and one of the wires allegedly occurred when ***the prosecution alleges*** Mr. Hamrick was a private citizen. As a private citizen, Mr. Hamrick did not hold a "position[] in the Executive Department of the State of Alabama." He did not have "official power . . . and influence," and could not take "official . . . actions."

The prosecution alleges that Mr. Hamrick was a private citizen between May 8, 1998 and January 19, 1999, and again between June 30, 2001 and January 20, 2003. *Second Superseding Indictment* ¶ 1(d). The prosecution alleges he exerted influence on the Cherokee County Commission "between 11/3/98 and 1/31/99," *id.* ¶ 30(g), during most of which time the prosecution alleges he was a private citizen. The prosecution alleges he exerted influence on the unnamed "waste disposal business" "between July 1998 and 7/15/99," *id.*, during much of which time the prosecution alleges he was a private citizen. The December 2, 1998,[1] January 15, 2002,[2] and January 14, 2003[3] mailings, and the December 7, 1998 wire[4] occurred when the prosecution alleges he was a private citizen.[5]

---

[1] *Second Superseding Indictment* ¶ 31 (Racketeering Act 2(c)).

[2] *Second Superseding Indictment* ¶ 31 (Racketeering Act 2(f)), ¶ 63 (Count Eleven)).

[3] *Second Superseding Indictment* ¶ 31 (Racketeering Act 2(g)), ¶ 63 (Count Twelve)).

[4] *Second Superseding Indictment* ¶ 33 (Racketeering Act 2(h)).

[5] These counts charged Mr. Hamrick with taking money from Mr. Young, *Second Superseding Indictment* ¶ 30(f), but did not say

Mr. Hamrick moved to dismiss the honest governmental services mail and wire fraud charges based on those acts and mailings and that wire. He cited case law holding "that private citizens, even those closely connected to government operations, cannot be charged or convicted under § 1346 for depriving the public of their own honest *governmental* services." *Hamrick Motion to Dismiss Honest Services Charges* at 4 (emphasis in original) (Doc. 155). Those cases hold that "private citizens owe no duty of honest governmental services to the public in the first place, and thus cannot be charged with or convicted of violating such a duty." *Id.* In its response, the prosecution conceded that Mr. Hamrick is correct: "the [private] defendant may not owe an independent duty to the State or citizenry." *Prosecution Response* at 6.

The Recommendation did not address this point of law. It instead addressed two issues Mr. Hamrick did not raise.

First, the Recommendation said that "[t]o the extent Hamrick's motion is premised on a factual question about whether he was a private citizen, it fails." *Recommendation* at 3. Mr. Hamrick ***did not request in his motion – and does not request in this objection*** – dismissal based "on a factual question about whether he was a private citizen." His motion and this objection are based solely on ***the prosecution's allegations***.

Second, the Recommendation said that "[e]ven if the facts demonstrate that he was a private citizen during all or part of the time covered by the charges, he has not shown that, as a matter of law, a private citizen cannot be liable criminally for aiding and abetting a state official who violates the honest service fraud statutes." *Recommendation* at 3. Mr. Hamrick ***did not request in his motion, and does not seek in this objection,*** dismissal of the portions of these

---

when he got it.

counts that charge him with aiding and abetting.

Mr. Hamrick's motion was only about the honest services charges covering the period he was a private citizen. He provided a lengthy discussion of the case law demonstrating that he cannot be so charged (Doc. 155; Doc. 222).  The prosecution did not dispute that point (Doc. 199).  But the Recommendation *never addressed that issue*.  Mr. Hamrick respectfully requests that the Court do so now, and that it dismiss the portions of Counts One, Two, and Ten through Fourteen – and only those portions – that so charge him.

If the Court dismisses those charges, the properly-alleged charges in these counts will remain.  They include the charges of honest services mail and wire fraud when Mr. Hamrick was a public official, as well as parts of the RICO conspiracy charge and parts of the RICO charge in Counts One and Two respectively.  It will be up to the prosecution to prove those properly-alleged charges at trial.  Dismissing the improperly-alleged charges now will allow the parties and the Court to focus on the remaining charges without distraction – and without the risk of error before the jury.

It is particularly important to deal with the improperly-alleged charges now.  After the motions to dismiss are disposed of, there will be a critical issue before and throughout the trial about the prosecution's proof for the period that Mr. Hamrick *was* a public official.

The Eleventh Circuit has said that a public official commits honest governmental services fraud in two basic ways: by taking a bribe or by failing to disclose a material conflict of interest.[6]

---

[6] When a government officer decides how to proceed in an official endeavor – as when a legislator decides how to vote on an issue – his constituents have a right to have their best interests form the basis of that decision.  If the official instead secretly makes his decision based on his own personal interests – as when an official

The case against Mr. Hamrick – if there is a case at all – is a bribery case. The prosecution alleges that he took money from Mr. Young in exchange for official actions, power, and influence.

The definition that the Court gives the term "bribe" in this context will be critical. The United States Supreme Court cabined the federal prohibition on bribery and gratuities in *United States v. Sun-Diamond Growers*, 526 U.S. 398 (1999), holding that a payment **must** be linked to a specific official act, and that a gift given because of an official's position is not illegal without that link.[7]

---

>   accepts a bribe or personally benefits from an undisclosed conflict of interest – the official has defrauded the public of his honest services.

*United States v. Lopez-Lukis*, 102 F.3d 1164, 1169 (11th Cir. 1997).

[7]   The Court based its decision on the requirement in 18 U.S.C. § 201 that both a bribe and a gratuity must be given "for or because of any official act performed or to be performed" by the public official.

>   It seems to us that this means "for or because of some particular official act of whatever identity" – just as the question "Do you like any composer?" normally means "Do you like some particular composer?" It is linguistically possible, of course, for the phrase to mean "for or because of official acts in general, without specification as to which one" – just as the question "Do you like any composer?" could mean "Do you like all composers, no matter what their names or music?" But the former seems to us the more natural meaning, especially given the complex structure of the provision before us here. . . . . The insistence upon an "official act," carefully defined, seems pregnant with the requirement that some particular

5

The application of *Sun Diamond* to the facts of this case, and to the Eleventh Circuit's definition of honest governmental services mail and wire fraud, is the central issue on the charges for the period Mr. Hamrick was a public official. Mr. Hamrick will argue that the term "bribe" in the Eleventh Circuit's definition of honest governmental services fraud must be the definition the United States Supreme Court gave in *Sun Diamond*. That is, he will argue that the prosecution must – as it cannot – link specific payments to specific acts.

This will be a subject of motions in limine, the Rule 29 motion, and, if necessary, the jury instructions and an appeal. It therefore is better to clear out the improperly-alleged charges now, so that the Court's and the parties' focus can be on this critical issue at the proper time.

## II. Motion to Dismiss The "Misleading Conduct" Obstruction of Justice Charges In Counts One, Two, and Fifteen

Counts One, Two, and Fifteen charge Mr. Hamrick with "misleading conduct" and "corruptly persuading" 18 U.S.C. § 1512(b)(3) obstruction of justice for giving a $3,000 check to Lanny Young. *Second Superseding Indictment* ¶¶ 34, 66. Mr. Hamrick moved to dismiss the "misleading conduct" portion. *Hamrick Motion to Dismiss Misleading Conduct Charges* at 1-3 (Doc. 156). Mr. Hamrick cited cases holding that paying money *plus* asking the recipient to lie is not misleading conduct – because neither act misleads the recipient. *Id.*

The Recommendation suggested denial because "[w]hile in some circumstances Hamrick might be correct that the mere payment of money to a person would not be misleading conduct, there also might be factual scenarios under which a payment of money could amount to

---

official act be identified and proved.

526 U.S. at 406.

misleading conduct in violation of the statute." *Recommendation* at 4.  The Recommendation said that "[t]he question is for a jury to decide after hearing the evidence and upon proper instructions from the court."  *Id.* at 4.

The cases Mr. Hamrick cited – which the Recommendation did not dispute – held that *neither* the payment of money *nor* asking the recipient to lie is misleading conduct.  That is, the payment of money, standing alone, *is never* misleading conduct.   Paying someone money does not mislead him.

*United States v. King*, 762 F.2d 232, 237-38 (2d Cir. 1985) held that "no rational juror could conclude" that the person was misled when the defendant (1) urged that they should stick together, (2) said the person should not implicate the defendant to federal authorities, and (3) said the person's silence would be rewarded financially.  *Id.* at 237.  The court held such evidence "failed totally to support any inference that [the person] was, or even could have been, misled."  *Id.*  The Eleventh Circuit, in *United States v. Veal*, 153 F.3d 1233, 1247 (11th Cir. 1998), *cert. denied* 526 U.S. 1147 (1999), cited *King* with approval. If those things taken together are not misleading, no one of them standing alone can be so.

The Recommendation cited no case law holding that "there . . . might be factual scenarios under which a payment of money could amount to misleading conduct." *Recommendation* at 4.  Undersigned counsel is aware of no such case law and the prosecution did not cite any.  The two cases on point are *King* and the other case Mr. Hamrick cited, *United States v. Kulczyk*, 931 F.2d 542 (9th Cir. 1991), which followed *King*.

Moreover, the prosecution does not allege any factual scenario beyond the payment of money.  It did not charge Mr. Hamrick with paying money plus other conduct.  It charged him

7

with paying money alone, and that is not enough. Mr. Hamrick therefore respectfully requests that the Court reject the Recommendation and dismiss the misleading conduct portion of the 18 U.S.C. § 1512(b)(3) charges in Counts One, Two, and Fifteen.

The prosecution's response (Doc. 198) to Mr. Hamrick's motion created, as Mr. Hamrick noted in his reply brief (Doc. 223), another very serious issue. It appears that the prosecution has charged Mr. Hamrick with misleading and corruptly persuading *federal authorities* by paying Mr. Young money. That is an improper theory. The person misled and corruptly persuaded must be Mr. Young. Given the significant prejudice obstruction charges can create, Mr. Hamrick asked in his reply brief that the Court consider establishing a procedure to determine – ***before the § 1512(b)(3) evidence is presented to the jury*** – if the prosecution intends to pursue this improper theory. It will be impossible to remove the taint of obstruction evidence offered on this improper theory, even with a curative instruction.

The Magistrate Judge did not address that request in his Recommendation. The Court may – but need not – address that issue in deciding this objection (the arguments set forth elsewhere in this objection are sufficient reason to reject the Recommendation). Mr. Hamrick's reply brief sets forth his arguments on this point if the Court wishes to address that issue now. If not, Mr. Hamrick will return to it in his motions in limine.

Respectfully submitted,

s/T. Jefferson Deen, III
T. Jefferson Deen, III
T. Jefferson Deen, III, P.C.
P.O. Box 2705
Mobile, Alabama 36652
Phone: (251) 433-5860
Fax:    (251) 433-0703
E-mail: TJeffDeen@deenlawpc.com


s/Michel Nicrosi
Michel Nicrosi
Miller, Hamilton, Snider & Odom, L.L.C.
P.O. Box 46
Mobile, Alabama 36601-0046
Phone: (251) 432-1414
Fax:    (251) 433-4106
E-mail: michelnicrosi@mhsolaw.com


## CERTIFICATE OF SERVICE

I certify that on March 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.


s/Michel Nicrosi
Michel Nicrosi
Miller, Hamilton, Snider & Odom, L.L.C.
P.O. Box 46
Mobile, Alabama 36601
Phone: (251) 432-1414
Fax:    (251) 433-4106
E-mail: michelnicrosi@mhsolaw.com