IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *    Case No. 2:05-cr-119-MEF |
| | * |
| PAUL MICHAEL HAMRICK | * |

**MOTION IN LIMINE TO BAR EVIDENCE AND ARGUMENT
THAT MR. HAMRICK DEPRIVED THE STATE OF ALABAMA
OR THE PUBLIC OF GOVERNOR SIEGELMAN'S HONEST
GOVERNMENTAL SERVICES DURING THE PERIOD WHEN
MR. HAMRICK WAS A PRIVATE CITIZEN**

Counts One, Two, and Ten through Fourteen charge Mr. Hamrick, in part, with committing mail and wire fraud by depriving the State of Alabama of his own honest governmental services.[1]  These counts allege that he did so by committing five listed acts of "official power, action, and influence." *Second Superseding Indictment* ¶ 30(g).

Mr. Hamrick moved to dismiss this charge for the period the prosecution concedes he was a private citizen.  Private citizens do not owe the State or the public a duty to render honest governmental services.

The prosecution conceded this point,[2] but argued that it actually charged Mr. Hamrick with depriving the public of *Governor Siegelman's* honest governmental services during this

---

[1]    18 U.S.C. §§ 1341 and 1343 punish mail and wire fraud respectively.  18 U.S.C. § 1346 provides that fraud under those two statutes can include depriving another "of the intangible right of honest services."

[2]    "[A private] defendant may not owe an independent duty to the State or citizenry."  *Prosecution's Response to Mr. Hamrick's Motion to Dismiss* at 6.

period.³

This is a wholly improper theory. It contradicts the plain language of the indictment. The facts alleged in the indictment do not support the charge. It would result in intractable difficulties at trial. The Court should bar evidence or argument relating to it.

## I. ARGUMENT

### A. Plain Language

The prosecution charges Mr. Hamrick and Governor Siegelman with defrauding the state "of its right to the honest and faithful *services of themselves as public officials and employees of the State of Alabama.*" *Second Superseding Indictment* ¶¶ 28, 61 (emphasis supplied). It alleges that they did so "through their official powers, action, and influence." *Id.* ¶ 30.

The phrases "services of themselves" and "their official powers, action, and influence" necessarily charge Mr. Hamrick with depriving the public of his own honest governmental services. This Court has read them that way.

> Counts Ten through Twelve, in which Siegelman and Hamrick are named, charge them with aiding and abetting each other to commit honest services mail fraud as part of their scheme *to defraud and deprive the State of Alabama to its right to honest and faithful services from themselves as public officials* in connection with governmental regulation of specified activities, allocation of bond funding and construction contracting, in violation of 18 U.S.C. §§ 2, 1341 & 1346. (Indict. at ¶ 61-63).
>
> Counts Thirteen and Fourteen, in which Siegelman and Hamrick are named, charge them with aiding and abetting each other to commit honest

---

³   "[T]he second superceding indictment properly charges, inter alia, that Defendant Hamrick, even when no longer officially being paid by the State of Alabama, intended to and did engage in a scheme to deprive the State of the honest services of Defendant Siegelman, who at all times charged in the second superceding indictment was a public official." *Id*. at 7.

> services mail[4] fraud concerning performance of their scheme *to defraud and deprive the State of Alabama of its right to honest and faithful services from themselves as public officials.*

*United States v. Scrushy*, 2006 WL 278251 *2-3 (M.D. Ala. February 2, 2006) (emphasis supplied).

### B. Allegations Do Not Support The Charge

Mr. Hamrick noted in his motion to dismiss (p. 5, n. 4) that some courts hold that private persons may commit honest services fraud by depriving the public of a public official's honest services. But those cases are about private persons who bribe (or pay illegal gratuities to) public officials or help them conceal material conflicts of interest.[5] The prosecution does not contend that Mr. Hamrick did this. It alleges only that Mr. Hamrick received money (at some unspecified time) from Lanny Young, ¶ 30(f), and that he and Governor Siegelman "assist[ed]" Mr. Young "through their official power, actions, and influence," ¶ 30(g).

Undersigned counsel is aware of no case, and the prosecution has cited none, in which a

---

[4] The second superseding indictment actually appears to allege honest services wire fraud, as opposed to mail fraud, in Counts Thirteen and Fourteen, but that makes no substantive difference to this analysis.

[5] *See, e.g., United States v. Lovett*, 811 F.2d 979 (7th Cir. 1987) (bribing mayor); *United States v. Rauhoff*, 525 F.2d 1170 (7th Cir. 1975) (bribing Secretary of State); *United States v. Hasner*, 340 F.3d 1261 (11th Cir. 2003) (helping chairman of county housing authority conceal material conflict of interest); *United States v. Lopez-Lukis*, 102 F.3d 1164, 1165-66 (11th Cir. 1997) (dealing with county commissioner's case but noting that a lobbyist paid her for her votes and influence); *United States v. Sawyer*, 85 F.3d 713, 721 (1st Cir. 1996) (private lobbyist could be convicted of § 1346 violation when he "paid for meals, rounds of golf, and other entertainment," for legislators in exchange for their official acts).

private person has been charged with depriving the public of a public official's honest services on such facts. It is difficult to conceive how Mr. Hamrick can be so charged. The prosecution cannot charge him simply with taking money as a private citizen to influence Governor Siegelman's actions as, generally, that is not illegal. It is the daily business of lobbyists. Moreover, the second superseding indictment's contention that Mr. Hamrick exercised "official power, actions, [or] influence," *id.* ¶ 30(g), while a private citizen makes no sense. Private citizens do not have official power and cannot take official actions or exert official influence.

As Mr. Hamrick noted in his motion (pp. 7-8), federal courts in different circuits disagree about the source and nature of the duty to render honest governmental services.[6] But they are clear that the duty must be defined with clarity, so that a defendant "ha[s] fair warning that his conduct [as a private person] violated § 1346." *United States v. Warner*, 292 F. Supp.2d 1051, 1062 (N.D. Ill. 2003). If it is impossible even to say what the second superseding indictment alleges Mr. Hamrick did as a private citizen, it is impossible to articulate an applicable duty with the clarity necessary to warn others that their conduct may violate it.

The Eleventh Circuit stated its views on the nature of the honest governmental services duty very clearly in *United States v. Lopez-Lukis*, 102 F.3d 1164, 1169 (11th Cir. 1997):

> When a government officer decides how to proceed in an official endeavor – as when a legislator decides how to vote on an issue – his constituents

---

[6] *See, e.g., United States v. Murphy*, 323 F.3d 102, 117 (3d Cir. 2003) (actions must violate a "clearly established fiduciary relationship or legal duty in either federal or state law" owed to the public); *United States v. Brumley*, 116 F.3d 728, 734 (5th Cir. 1997) ("the official must act or fail to act contrary to the requirements of his job under state law"); *United States v. Sawyer*, 85 F.3d 713, 725 (1st Cir. 1996) (official's actions in response to illegal payment must harm the public).

> have a right to have their best interests form the basis of that decision. If the official instead secretly makes his decision based on his own personal interests – as when an official accepts a bribe or personally benefits from an undisclosed conflict of interest – the official has defrauded the public of his honest services.

The Eleventh Circuit reiterated that view of the duty in early 1999, in *United States v. deVegter*, 198 F.3d 1324, 1328-30 (11th Cir. 1999). Between those two decisions, the United States Supreme Court cabined the federal prohibition on bribery and gratuities in *United States v. Sun-Diamond Growers*, 526 U.S. 398 (1999), holding that a payment **must** be linked to a specific official act, and that a gift given because of an official's position is not illegal without that link.[7]

To hold that Mr. Hamrick may be charged with and convicted of depriving the state of Governor Siegelman's honest services, on the charges in this case, the Court would have to define a private

---

[7] The Court based its decision on the requirement in 18 U.S.C. § 201 that both a bribe and a gratuity must be given "for or because of any official act performed or to be performed" by the public official.

> It seems to us that this means "for or because of some particular official act of whatever identity" – just as the question "Do you like any composer?" normally means "Do you like some particular composer?" It is linguistically possible, of course, for the phrase to mean "for or because of official acts in general, without specification as to which one" – just as the question "Do you like any composer?" could mean "Do you like all composers, no matter what their names or music?" But the former seems to us the more natural meaning, especially given the complex structure of the provision before us here. . . . . The insistence upon an "official act," carefully defined, seems pregnant with the requirement that some particular official act be identified and proved.

526 U.S. at 406.

person's duty in this context beyond the limits in these decisions. Mr. Hamrick respectfully contends that it cannot be done without rendering § 1346 unconstitutionally vague as applied to him in his private capacity.

### C. Intractable Problems at Trial

The problems would not end even if the Court were able to articulate a duty. It would have to divide the charges into four pieces: the period when Mr. Hamrick was in the Lieutenant Governor's office (when the public official duty applies); the period after he left that office (when the new private person duty, whatever it is, applies); the period in which he was in the Governor's office (when the public official duty applies again); and the period after he left the Governor's office (when the new private person duty applies again). It would have to filter the evidence relevant to each period, so that the jury does not hold Mr. Hamrick to the public official standard when he was a private person. It would have to charge the jury in a manner sufficient for the jury to figure out the new private-person duty and apply it properly. The potential for confusion, mistakes, multiple motions, and error is significant.

### II. CONCLUSION

Mr. Hamrick therefore respectfully requests that the Court bar all evidence and argument on the honest services charges against him that relate to the period that he was a private citizen. The Court should confine the prosecution's evidence against Mr. Hamrick on these charges to the period that he was a public official.

In the courtroom, the procedure should be as follows. Each time the prosecution intends to call a witness whose testimony will include events during the period that Mr. Hamrick was a private citizen, the Court should instruct the jury, prior to the beginning of the witness'

testimony, that it may consider the evidence only against the other defendants, and not against Mr. Hamrick.

        Respectfully submitted,

        s/T. Jefferson Deen, III
        T. Jefferson Deen, III
        T. Jefferson Deen, III, P.C.
        P.O. Box 2705
        Mobile, Alabama 36652
        Phone: (251) 433-5860
        Fax:    (251) 433-0703
        E-mail: TJeffDeen@deenlawpc.com

        s/Michel Nicrosi
        Michel Nicrosi
        Miller, Hamilton, Snider & Odom, L.L.C.
        P.O. Box 46
        Mobile, Alabama 36601-0046
        Phone: (251) 432-1414
        Fax:    (251) 433-4106
        E-mail: michelnicrosi@mhsolaw.com

**CERTIFICATE OF SERVICE**

  I certify that on April 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

            s/Michel Nicrosi
            Michel Nicrosi
            Miller, Hamilton, Snider & Odom, L.L.C.
            P.O. Box 46
            Mobile, Alabama 36601-0046
            Phone: (251) 432-1414
            Fax:  (251) 433-4106
            E-mail: michelnicrosi@mhsolaw.com