IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Case No. 2:05-cr-119-MEF |
| | * | |
| PAUL MICHAEL HAMRICK | * | |

**PROPOSED JURY INSTRUCTIONS**

Mr. Paul Michael Hamrick respectfully submits proposed jury instructions for the Court's consideration.

*Basic Instructions:*

Mr. Hamrick respectfully requests that the Court consider including in the charge to the jury:

Basic Instructions Numbered:

 1   Face Page – Introduction
 2.1  Duty to Follow Instructions
 2.2  Duty to Follow Instructions, etc. (When Any Defendant Does Not Testify) (if applicable based on the evidence presented at trial)
 3   Definition of Reasonable Doubt
 4.2  Evidence – Direct and Circumstantial Argument of Counsel And Comment of Court
 5   Credibility of Witnesses
 6.2  Impeachment – Inconsistent Statement And Felony Conviction
 6.5  Impeachment – Inconsistent Statement And Felony Conviction (Defendant Testifies With No Felony Conviction) (if applicable based on the evidence presented at trial)
 6.7  Impeachment – Bad Reputation (or Opinion) Concerning Truthfulness (May Be Used With 6.1 – 6.6) (if applicable based on the evidence presented at trial) and
 7   Expert Witnesses (if applicable based on the evidence presented at trial), 9.1, 10.4, 11, and 12.

*Pattern Jury Instructions*, Criminal Cases, Eleventh Circuit (2003 Edition); Exhibit A.

*Special Instructions:*

      Mr. Hamrick respectfully requests that the Court consider including in the charge to the jury:

Special Instructions Numbered:

    1.1    Accomplice – Informer – Immunity
    1.2    Accomplice – Co-Defendant – Plea Agreement
    4      Similar Acts Evidence (Rule 404(b), FRE) (if applicable based on the evidence presented at trial)
    5      Notetaking (For inclusion in final charge when notetaking has been permitted)
    12     Character Evidence
    14     Alibi (if applicable based on the evidence presented at trial) and
    17     Good Faith Defense To Charge Of Intent To Defraud (if applicable based on the evidence presented at trial).

*Pattern Jury Instructions*, Criminal Cases, Eleventh Circuit (2003 Edition); Exhibit B.

*Trial Instructions:*

Mr. Hamrick respectfully requests that the Court consider including in the charge to the jury:

Trial Instructions Numbered:
    2.2    Preliminary Instructions Before Opening Statements (Long Form)
    3.1    Notetaking – Permitted (or, in the alternative, 3.2, if notetaking is not allowed)
    4      Cautionary Instruction – Similar Acts Evidence (Rule 404(b), FRE) (if applicable based on the evidence presented at trial ) and
    5      Explanatory Instruction – Prior Statement Or Testimony Of A Witness.

*Pattern Jury Instructions*, Criminal Cases, Eleventh Circuit (2003 Edition); Exhibit C.

*Offense Instructions:*

      Mr. Hamrick respectfully requests that the Court consider including in the charge to the jury;

Offense Instructions Numbered:

    71.1    RICO – Substantive Offense[1] and
    71.2    RICO – Conspiracy Offense.

*Pattern Jury Instructions*, Criminal Cases, Eleventh Circuit (2003 Edition); Exhibit D.

In addition, Mr. Hamrick respectfully requests the following offense instructions.

**Instruction No. ___**
**Mail Fraud**
**Depriving Another Of Intangible Right**
**Of Honest Services**
**18 USC §§ 1341 and 1346**

Title 18, United States Code, Sections 1341 and 1346, make it a Federal crime or offense for anyone to use the United States mails in carrying out a scheme to fraudulently deprive the public of an intangible right of honest services.

Mr. Hamrick can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First:</u>    That Mr. Hamrick knowingly devised or participated in a scheme to fraudulently deprive the public of the intangible right of his honest services, as charged;

<u>Second:</u>    That Mr. Hamrick did so willfully with an intent to defraud; and

<u>Third:</u>    That Mr. Hamrick used the United States Postal Service by mailing or by causing to be mailed some matter or thing for the purpose of executing the scheme to defraud.

The word "scheme" includes any plan or course of action intended to deceive or cheat someone; and to act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, ordinarily for the purpose of causing some financial loss to another or

---

[1]    Mr. Hamrick respectfully requests the removal of the aiding and abetting language from the second element of the offense in paragraph 5 unless such evidence is clearly presented and admitted at trial.

bringing about some financial gain to one's self.

"To deprive the public of the intangible right of honest services" means to violate, or to cause a public official or employee to violate, his duty to provide honest services to the employer.

Public officials and public employees inherently owe a duty to the public to act in the public's best interest. If instead, the public official or employee acts or makes his decision based on his own personal interests – such as taking a bribe, taking a kickback or receiving personal benefit from an undisclosed conflict of interest – the public official or employee has defrauded the public of the public official's or employee's honest services even though the public agency involved may not suffer any monetary loss in the transaction.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material mailed was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud; or that Mr. Hamrick did the actual mailing.

What must be proved beyond a reasonable doubt is that Mr. Hamrick, with the specific intent to defraud, knowingly devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the second superseding indictment; and that the use of the mails was closely related to the scheme because Mr. Hamrick either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme.

Moreover, Mr. Hamrick may be found guilty of this offense <u>only if</u> it is proved beyond a reasonable doubt that there was a link between the thing of value conferred upon Mr. Hamrick

and a specific official act for or because of which it was given.

To "cause the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the mails in furtherance of a scheme to defraud constitutes a separate offense.

*Pattern Jury Instructions*, No. 50.2 (modified) Criminal Cases, Eleventh Circuit (2003 Edition); *United States v. Sun-Diamond Growers*, 526 U.S. 398 (1999); *United States v. DeVegter*, 198 F.3d 1324 (11th Cir. 1999); *United States v. Lopez-Lukis*, 102 F.3d 1164 (11th Cir. 1997).

**Instruction No. ___**
**Wire Fraud**
**Depriving Another Of Intangible Right**
**Of Honest Services**
**18 USC §§ 1343 and 1346**

Title 18, United States Code, Sections 1343 and 1346, make it a Federal crime or offense for anyone to use interstate wire communications facilities in carrying out a scheme to fraudulently deprive the public of an intangible right of honest services.

Mr. Hamrick can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First:</u>    That Mr. Hamrick knowingly devised or participated in a scheme to fraudulently deprive the public of the intangible right of his honest services, as charged;

<u>Second:</u>    That Mr. Hamrick did so willfully with an intent to defraud; and

<u>Third:</u>    That Mr. Hamrick transmitted or caused to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud.

The word "scheme" includes any plan or course of action intended to deceive or cheat someone; and to act with "intent to defraud" means to act knowingly and with the specific intent

to deceive someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

"To deprive the public of the intangible right of honest services" means to violate, or to cause a public official or employee to violate, his duty to provide honest services to the employer.

Public officials and public employees inherently owe a duty to the public to act in the public's best interest. If instead, the public official or employee acts or makes his decision based on his own personal interests – such as taking a bribe, taking a kickback or receiving personal benefit from an undisclosed conflict of interest – the public official or employee has defrauded the public of the public official's or employee's honest services even though the public agency involved may not suffer any monetary loss in the transaction.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material transmitted by wire was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud; or that Mr. Hamrick personally used the wire communication facility.

What must be proved beyond a reasonable doubt is that Mr. Hamrick, with the specific intent to defraud, knowingly devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the second superseding indictment; and that the use of the interstate wire communications facilities was closely related to the scheme because Mr. Hamrick either used, or caused to be used, wire communications facilities in interstate commerce

in an attempt to execute or carry out the scheme.

Moreover, Mr. Hamrick may be found guilty of this offense <u>only if</u> it is proved beyond a reasonable doubt that there was a link between the thing of value conferred upon Mr. Hamrick and a specific official act for or because of which it was given.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of such facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud constitutes a separate offense.

*Pattern Jury Instructions*, No. 51.2 (modified) Criminal Cases, Eleventh Circuit (2003 Edition); *United States v. Sun-Diamond Growers*, 526 U.S. 398 (1999); *United States v. DeVegter*, 198 F.3d 1324 (11th Cir. 1999); *United States v. Lopez-Lukis*, 102 F.3d 1164 (11th Cir. 1997).

**Instruction No. \_\_\_**
**Tampering With a Witness**
**18 USC § 1512(b)(3)**

Title 18, United States Code, Section 1512(b)(3), makes it a Federal crime or offense for anyone to [knowingly corruptly persuade] [or engage in misleading conduct] towards another person with intent to hinder, delay, and prevent the communication to a Federal law enforcement officer of information relating to the commission of a Federal offense.

Mr. Hamrick can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First:</u>     That Mr. Hamrick [knowingly corruptly persuaded] [or engaged in misleading conduct], towards another person as charged; and

<u>Second:</u>  That Mr. Hamrick did so with the intent to hinder, delay or prevent the communication to a Federal law enforcement officer of information relating to the commission of a Federal offense.

To act "corruptly" means to act knowingly and dishonestly for a wrongful purpose. It is characterized by improper conduct. To "persuade" means to coax, to plead with, or to induce one by argument, entreaty, or expostulation into a determination, decision, conclusion, or belief. To "engage in misleading conduct towards another" means to deceive, mislead, or fool another person.

What must be proved beyond a reasonable doubt is that Mr. Hamrick [knowingly corruptly persuaded another person] [or engaged in misleading conduct] towards <u>another person</u> who in turn speaks to federal authorities. Mr. Hamrick's conduct must impact another person who speaks to federal authorities. It is not an offense if Mr. Hamrick's conduct simply deflected the efforts or was designed to deflect the efforts of Federal law enforcement.

*United States v. King*, 762 F.2d 232 (2d Cir. 1985); *United States v. Kulczyk*, 931 F.2d 542 (9th Cir. 1991); *United States v. Veal*, 153 F.3d 1233 (11th Cir. 1998), *cert. denied* 526 U.S. 1147 (1999); *United States v. Khatami*, 280 F.3d 907 (9th Cir. 2001).

    Respectfully submitted,

    s/T. Jefferson Deen, III
    T. Jefferson Deen, III
    T. Jefferson Deen, III, P.C.
    P.O. Box 2705
    Mobile, Alabama 36652
    Phone: (251) 433-5860
    Fax:    (251) 433-0703
    E-mail: TJeffDeen@deenlawpc.com

    s/Michel Nicrosi
    Michel Nicrosi
    Miller, Hamilton, Snider & Odom, L.L.C.

        P.O. Box 46
        Mobile, Alabama 36601-0046
        Phone: (251) 432-1414
        Fax:    (251) 433-4106
        E-mail: michelnicrosi@mhsolaw.com

**CERTIFICATE OF SERVICE**

I certify that on April 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

        s/Michel Nicrosi
        Michel Nicrosi
        Miller, Hamilton, Snider & Odom, L.L.C.
        P.O. Box 46
        Mobile, Alabama 36601
        Phone: (251) 432-1414
        Fax:    (251) 433-4106
        E-mail: michelnicrosi@mhsolaw.com