# EXHIBIT B

## 1.1
## Accomplice - - Informer - - Immunity

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

**ANNOTATIONS AND COMMENTS**

United States v. Shearer, 794 F.2d 1545, 1551 (11th Cir. 1986) approved similar instruction. See also United States v. Solomon, 856 F.2d 1572 (11th Cir. 1988), cert. denied, 489 U.S. 1070, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989) (holding that, as a general rule, a cautionary instruction regarding the credibility of accomplices should be given).

## 1.2
## Accomplice - - Co-Defendant - - Plea Agreement

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

**ANNOTATIONS AND COMMENTS**

United States v. Solomon, 856 F.2d 1572, 1578-79 (11th Cir. 1988), cert. denied, 489 U.S. 1070, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989) approved similar instruction.

40

# 4
# Similar Acts Evidence
# (Rule 404(b), FRE)

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the Defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine

[whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment]

or

[whether the Defendant acted according to a plan or in preparation for commission of a crime]

or

[whether the Defendant committed the acts for which the Defendant is on trial by accident or mistake].

46

**ANNOTATIONS AND COMMENTS**

>Rule 404. [FRE]   Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes
>
>\* \* \* \* \*
>
>(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc) cert. denied, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example. See note 15 at pages 911-912. Beechum also approves a limiting instruction similar to this one. See note 23 at pages 917-918.

Both the Supreme Court and the Eleventh Circuit have expressly endorsed the Beechum test. Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); United States v. Miller, 959 F.2d 1535 (11th Cir. 1992) (en banc), cert. denied, 506 U.S. 942, 113 S.Ct. 382, 121 L.Ed.2d 292 (1992).

47

# 5
# Notetaking

In this case you have been permitted to take notes during the course of the trial, and most of you - - perhaps all of you - - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

# 12
# Character Evidence

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.

**ANNOTATIONS AND COMMENTS**

> Rule 404. [FRE] Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes
>
> (a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> (1) Character of accused. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same; . . .

United States v. Broadwell, 870 F.2d 594, 609 (11th Cir. 1989), cert. denied, 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 85 (1989), approved this instruction.

United States v. Darland, 626 F.2d 1235 (5th Cir. 1980) held that it can be plain error to refuse this instruction when the Defendant offers evidence of good character; and, further, the admission of such evidence may not be conditioned on the Defendant testifying as a witness. Character evidence may be excluded, however, when the proffered witness has an inadequate basis for expressing an opinion as to the Defendant's character. United States v. Gil, 204 F.3d 1347 (11th Cir. 2000). A distinction must be drawn between evidence of a pertinent trait of the Defendant's character, offered under FRE 404(a)(1), and evidence of the character of a witness for truthfulness (including the Defendant as a witness) offered under FRE 608(a). This instruction should be given when the evidence has been admitted under Rule 404. Basic Instruction 6.7 should be given when evidence has been admitted under Rule 608.

In either case - - whether character evidence is admitted under Rule 404 or Rule 608 - -Rule 405(a) provides that such "proof may be made by testimony as to reputation or by testimony in the form of an opinion."

59

## 14
## Alibi

Evidence has been introduced tending to establish an alibi -- that the Defendant was not present at the time when, or at the place where, the Defendant is alleged to have committed the offense charged in the indictment.

It is, of course, the Government's burden to establish beyond a reasonable doubt each of the essential elements of the offense, including the involvement of the Defendant; and if, after consideration of all the evidence in the case, you have a reasonable doubt as to whether the Defendant was present at the time and place as alleged in the indictment, you must find the Defendant not guilty.

**ANNOTATIONS AND COMMENTS**

United States v. Rhodes, 569 F.2d 384 (5th Cir. 1978), cert. denied, 439 U.S. 844, 99 S.Ct. 138, 58 L.Ed.2d 143 (1978) approved instruction in substantially same form.

**17**
**Good Faith Defense To Charge Of**
**Intent To Defraud**

Good faith is a complete defense to the charges in the indictment since good faith on the part of the Defendant is inconsistent with intent to defraud or willfulness which is an essential part of the charges. The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant has no burden to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted with specific intent to defraud as charged in the indictment.

One who expresses an honestly held opinion, or an honestly formed belief, is not chargeable with fraudulent intent even though the opinion is erroneous or the belief is mistaken; and, similarly, evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish fraudulent intent.

On the other hand, an honest belief on the part of the Defendant that a particular business venture was sound and would ultimately succeed would not, in and of itself, constitute "good faith" as that term is used in these instructions if, in carrying out that venture, the Defendant knowingly made false or fraudulent representations to others with the specific intent to deceive them.

**ANNOTATIONS AND COMMENTS**

United States v. Goss, 650 F.2d 1336 (5th Cir. 1981), failure to give this instruction as a theory-of-defense charge, when requested to do so, is error if there is any evidentiary foundation to support the Defendant's claim. Note, however, that there must be some evidentiary basis for the request. If the usual instructions are given defining willfulness and intent to defraud, that will ordinarily suffice in the absence of evidence of good faith. United States v. Boswell, 565 F.2d 1338 (5th Cir. 1978), reh'g denied, 568 F.2d 1367 (11th Cir. 1978), cert. denied, 439 U.S. 819, 99 S.Ct. 81, 58 L.Ed.2d 110 (1978); United States v. England, 480 F.2d 1266 (5th Cir. 1973), cert. denied, 414 U.S. 1041, 94 S.CT. 543, 38 L.Ed.2d 332 (1973); United States v. Williams, 728 F.2d 1402 (11th Cir. 1984).