# EXHIBIT C

**2.2**
**Preliminary Instructions Before**
**Opening Statements (Long Form)**

Members of the Jury:

You have now been sworn as the jury to try this case and I would like to give you some preliminary instructions at this time.

By your verdict(s) you will decide the disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate together and decide the case at the end of the trial, I will then instruct you again on the rules of law that you must follow and apply in reaching your decision.

Because you will be called upon to decide the facts of the case you should give careful attention to the testimony and evidence presented for your consideration during the trial, but you should keep an open mind and should not form or state any opinion about the case one way or the other until you have heard <u>all</u> of the evidence <u>and</u> have had the benefit of the closing arguments of the lawyers as well as my instructions to you on the applicable law.

During the trial you must not discuss the case in any manner among yourselves or with anyone else, and you must not permit anyone to attempt to discuss it with you or in your presence; and, insofar as the

lawyers are concerned, as well as others whom you may come to recognize as having some connection with the case, you are instructed that, in order to avoid even the appearance of impropriety, you should have no conversation whatever with those persons while you are serving on the jury.

You must also avoid reading any newspaper articles that might be published about the case now that the trial has begun, and you must also avoid listening to or observing any broadcast news program on either television or radio because of the possibility that some mention might be made of the case during such a broadcast now that the trial is in progress.

The reason for these cautions, of course, lies in the fact that it will be your duty to decide this case only on the basis of the testimony and evidence presented during the trial without consideration of any other matters whatever.

From time to time during the trial I may be called upon to make rulings of law on motions or objections made by the lawyers.  You should not infer or conclude from any ruling I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I sustain an objection to a question that goes unanswered by the

witness, you should not speculate on what answer might have been given, nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing concerning questions of law or procedure that require consideration by the Court alone. On some occasions you may be excused from the courtroom as a convenience to you and to us while I discuss such matters with the lawyers. I will try to limit such interruptions as much as possible, but you should remember at all times the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

In that regard, as you were told during the process of your selection, we expect the case to last _____, but I will make every effort to expedite the trial whenever possible.

Now, in order that you might better understand at the beginning of the case the nature of the decisions you will be asked to make and how you should go about making them, I would like to give you some preliminary instructions at this time concerning some of the rules of law that will apply.

Of course, the preliminary instructions I will give you now will <u>not</u> cover <u>all</u> of the rules of law applicable to this case. As stated before, I will instruct you fully at the end of the trial just before you retire to deliberate upon your verdict(s), and will probably restate at that time some of the rules I want to tell you about now. In any event, you should not single out any one instruction alone as stating the law, but should consider all of my instructions as a whole.

<u>Presumption of Innocence.</u> As you were told during the process of your selection, an indictment in a criminal case is merely the accusatory paper which states the charge or charges to be determined at the trial, but it is not evidence against the Defendant or anyone else. Indeed, the Defendant has entered a plea of Not Guilty and is presumed by the law to be innocent. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

<u>Burden of Proof.</u> Proof beyond a reasonable doubt is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

<u>Order of Proof - Defendant's Right Not To Testify.</u> Because the Government has the burden of proof it will go forward and present its

598

testimony and evidence first. After the Government finishes or "rests" what we call its "case in chief," the Defendant may call witnesses and present evidence if [he] [she] wishes to do so. However, you will remember that the law does not require a Defendant to prove [his] [her] innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a Defendant not to testify in the event [he] [she] should so elect.

Credibility Of The Witnesses. As you listen to the testimony you should remember that you will be the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In deciding whether you believe or disbelieve any witness you should consider his or her relationship to the Government or to the Defendant; the interest, if any, of the witness in the outcome of the case; his or her manner of testifying; the  opportunity of the witness to observe or acquire knowledge concerning the facts about which he or she testified; the candor, fairness and intelligence of the witness; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

<u>Trial Transcripts Not Available.</u>  You will notice that the Court Reporter is making a complete stenographic record of all that is said during the trial, including the testimony of the witnesses, in case it should become necessary at a future date to prepare printed transcripts of any portion of the trial proceedings.  Such transcripts, however, if prepared at all, will not be printed in sufficient time or appropriate form for your review during your deliberations, and you should <u>not</u> expect to receive any transcripts.  You will be required to rely upon your own individual and collective memory concerning what the testimony was.

<u>Exhibits Will Be Available.</u>  On the other hand, any papers and other tangible exhibits received in evidence during the trial <u>will</u> be available to you for study during your deliberations.  On some occasions, during the trial, exhibits may be handed to you for brief inspection there in the Jury box; others will not be shown to you.  But do not be concerned because, as I said, you will get to see and inspect at the end of the case all of the exhibits that are received in evidence.

<u>Notetaking - Permitted.</u>  Because transcripts will not be available, you will be permitted to take notes during the trial if you want to do so, and the Clerk will provide notebooks and pens or pencils for each of

you.  On the other hand, of course, you are <u>not</u> required to take notes if you do not want to.  That will be left up to you, individually.

If you do decide to take notes, be careful not to get so involved in notetaking that you become distracted from the ongoing proceedings. Don't try to summarize all of the testimony.  Instead, limit your notetaking to specific items of information that might be difficult to remember later such as dates, times, amounts, measurements or identities and relationships.  But remember that you must decide upon the credibility or believability of each witness, and you must therefore observe the demeanor and appearance of each witness while testifying. Notetaking must not distract you from that task.

Also your notes should be used only as aids to your memory; and, whether you take notes or not, you should rely upon your own independent recollection or memory of what the testimony was and should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror as to what the testimony was.

<u>Notetaking - Not Permitted.</u>  A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.

601

The desire to take notes is perfectly natural, especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors not take notes during the trial. One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in notetaking and may not wish to do so.

Instructions On The Law Of Conspiracy. As you know from the explanation I gave during the course of your selection, it is charged in this case (among other things) that the Defendant(s) engaged in an unlawful "conspiracy" to commit certain offenses.

Under the law a "conspiracy" is a combination or agreement of two or more persons to join together to attempt to accomplish some unlawful purpose. It is a kind of "partnership in criminal purposes," and willful participation in such a scheme or agreement, [followed by the commission of an overt act by one of the conspirators]* is sufficient to

---

* The bracketed material on this page should be omitted with respect to conspiracy offenses not requiring proof of overt acts (such as 21 USC §§ 846 and 963).

complete the offense of "conspiracy" itself even though the ultimate criminal object of the conspiracy is not accomplished or carried out. In order to establish the offense of "conspiracy" the Government must prove beyond a reasonable doubt each of the following specific facts:

> (1) That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;
>
> (2) That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;
>
> [(3) That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and
>
> (4) That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.]*

Instructions On The Law Governing Substantive Offenses. In addition to the alleged conspiracy offense, the indictment also charges certain so-called "substantive offenses," namely [here describe the alleged substantive offenses charged in the indictment]. In order to

---

* The bracketed material on this page should be omitted with respect to conspiracy offenses not requiring proof of overt acts (such as 21 USC §§ 846 and 963).

establish that offense the Government must prove beyond a reasonable doubt each of the following essential elements:

> **[Quote essential elements of the offense as set forth in the appropriate Offense Instruction.]**

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully, " as that term has been used in these instructions, means that the act was committed voluntarily and purposely with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

<u>Conclusion.</u>  Now, we will begin the trial at this time by affording the lawyers for each side an opportunity to make opening statements to you in which they may explain the issues in the case and summarize the facts they expect the evidence will show.  After all the testimony and evidence has been presented, the lawyers will then be given another opportunity to address you at the end of the trial and make their summations or final arguments in the case.

The statements that the lawyers make now, as well as the arguments they present to you at the end of the trial, are not to be considered by you either as evidence in the case (which comes only from the witnesses and exhibits), or as your instruction on the law (which will come only from me).  Nevertheless, these statements or arguments are intended to help you understand the evidence as it comes in, the issues or disputes you will be called upon to decide, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them in turn for the purpose of making an opening statement.

### 3.1
### Notetaking - Permitted


Members of the Jury:

[I see that some of you, from time-to-time, have been taking notes during the proceedings up to this point.]

[or]

[I understand that someone on the Jury has asked the Clerk or the Marshal about the taking of notes by members of the Jury during the course of the trial.]

If you would like to take notes during the trial you may do so, and the Clerk will provide notebooks and pens or pencils for each of you. On the other hand, of course, you are not required to take notes if you would prefer not to do so. That will be left up to you individually.

If you do decide to take notes, however, be careful not to get so involved in note taking that you become distracted from the ongoing proceedings. Don't try to summarize all of the testimony. Instead, limit your notetaking to specific items of information that might be difficult to remember later such as dates, times, amounts or measurements, and identities or relationships. But remember that you must decide upon the credibility or believability of each witness, and you must therefore

606

observe the demeanor and appearance of each witness while testifying. Notetaking must not distract you from that task.

Also, your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence; and, whether you take notes or not, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony was.

### ANNOTATIONS AND COMMENTS

United States v. Rhodes, 631 F.2d 43, 45 (5th Cir. 1980) held that: "Trial courts often allow jurors to take notes in simple as well as complex cases, and it is within their discretion to do so." The court suggested a jury instruction in substantially this form. Id., at 46, n.3.

**3.2**
**Notetaking - Not Permitted**

Members of the Jury:

[I see that some of you, from time-to-time, have been taking notes during the proceedings up to this point.]

[or]

[I understand that someone on the Jury has asked the Clerk or the Marshal about the taking of notes by members of the Jury during the course of the trial.]

The desire to take notes, of course, is a perfectly natural and understandable desire, particularly for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like.

Ordinarily, however, it is requested that Jurors <u>not</u> take notes during the trial.

One of the reasons for having a number of persons on the Jury in the first place is to gain the advantage of your several, individual memories concerning the testimony so that you can then deliberate together at the end of the trial to reach agreement concerning the facts;

608

and while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in notetaking and may not wish to do so.

[Also, insofar as tangible exhibits are concerned, remember that all exhibits received in evidence during the trial will be available to you for study during your deliberations, and notes concerning those items would be of little or no value anyway.]

So, for those reasons, I ask that you <u>not</u> take notes during the trial.

**ANNOTATIONS AND COMMENTS**

<u>United States v. Rhodes</u>, 631 F.2d 43, 45 (5th Cir. 1980). Permitting notetaking by jurors, or not permitting notetaking, lies within the discretion of the District Court.

**4**
**Cautionary Instruction**
**Similar Acts Evidence**
**(Rule 404(b), FRE)**

You have just heard evidence of acts of the Defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine

[whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment]

or

[whether the Defendant had a motive or the opportunity to commit the acts charged in the indictment]

or

[whether the Defendant acted according to a plan or in preparation for commission of a crime]

610

or

[whether the identity of the Defendant as the perpetrator of the

crime charged here has been established]

or

[whether the Defendant committed the acts for which the

Defendant is on trial by accident or mistake.]

**ANNOTATIONS AND COMMENTS**

>Rule 404. [FRE] Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes
>
>\* \* \* \* \*
>
>(b) Other crimes, wrongs, or acts. - - Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) en banc, cert. denied, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example.  See note 15 at pages 911-912.  Beechum also approves a limiting instruction similar to this one.  See note 23 at pages 917-918.

611

**5**
**Explanatory Instruction**
**Prior Statement Or Testimony Of A Witness**

Members of the Jury:

When a witness is questioned about an earlier statement he/she may have made [or earlier testimony he/she may have given] such questioning is permitted in order to aid you in evaluating the truth or accuracy of the witness' testimony here <u>at the trial</u>.

Earlier statements made by a witness [or earlier testimony given by a witness] are not ordinarily offered or received as evidence of the truth or accuracy of <u>those</u> statements, but are referred to for the purpose of giving you a comparison and aiding you in making your decision as to whether you believe or disbelieve the witness' testimony which you hear <u>at trial</u>.

Whether or not such prior statements of a witness are, in fact, consistent or inconsistent with his [or her] trial testimony is entirely for you to determine.

I will, of course, give you additional instructions at the end of the trial concerning a number of matters you may consider in determining the credibility or "believability" of the witnesses and the weight to be given to their testimony.

612