# EXHIBIT D

## 71.1
## RICO - Substantive Offense
## 18 USC § 1962(c)

Count _____ of the indictment charges that from on or about _____, and continuously thereafter up to and including the date of the filing of the indictment on _____, the Defendants were persons associated with an "enterprise" engaged in, or the activities of which affected, interstate commerce, and that they knowingly and willfully participated in the conduct of the enterprise's affairs "through a pattern of racketeering activity," in violation of Title 18, United States Code, Section 1961 and 1962(c).

The term "enterprise" includes any partnership, corporation, association or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

The term "racketeering activity" includes any act in violation of [e.g., Title 18 of the United States Code relating to mail fraud (section 1341) and wire fraud (Section 1343)].

The term "pattern of racketeering activity" requires at least two acts of "racketeering activity," sometimes called predicate offenses, which must have been committed within ten years of each other, one of which must have occurred after October 15, 1970.

So, in order to establish that the Defendants named in Count _ ____ of the indictment, or any of them, committed the offense charged in that Count, there are five specific facts which must be proved beyond a reasonable doubt:

<u>First</u>: That the Defendant was associated with an "enterprise" as defined in these instructions;

<u>Second</u>: That the Defendant knowingly and willfully committed, or knowingly and willfully aided and abetted the commission of at least two of the predicate offenses hereinafter specified;

<u>Third</u>: That the two predicate offenses allegedly committed by the Defendant were connected with each other by some common scheme, plan or motive so as to be a pattern of criminal activity and not merely a series of separate, isolated or disconnected acts;

<u>Fourth</u>: That through the commission of two or more connected offenses, the Defendant conducted or participated in the conduct of the "enterprise's" affairs; and

<u>Fifth</u>: That the enterprise was engaged in, or that its activities affected, interstate commerce.

426

With respect to the first specific fact stated above, in order for you to find that the Defendant was "associated" with the enterprise, the Government need only prove beyond a reasonable doubt that the Defendant was aware of the general existence of the enterprise described in the indictment.

With respect to the second specific fact stated above, the Government must prove beyond a reasonable doubt that the Defendant under consideration knowingly and willfully committed, or aided and abetted the commission of any <u>two</u> of the predicate offenses specifically alleged and described in the indictment [under the headings "Racketeering Act One and "Racketeering Act Two."] [in Counts ____ __ through _____, respectively.]

You are further instructed, however, that you must unanimously agree concerning each Defendant under consideration as to <u>which</u> of the two predicate offenses the Defendant is alleged to have committed, or aided and abetted in committing. It would not be sufficient if some of the jurors should find that a Defendant committed two of the predicate offenses while the remaining jurors found that such Defendant committed two different offenses; you must all agree upon the same two predicate offenses in order to find the Defendant guilty of Count ____.

427

With respect to the fourth specific fact stated above - - that the Defendant conducted or participated in the conduct of the affairs of the enterprise - - the Government must prove beyond a reasonable doubt that the Defendant was something more than an outsider lending aid to the enterprise. It must be proved that the Defendant had some part in <u>either</u> the management <u>or</u> the operation of the affairs of the enterprise itself. Thus, it need not be proved that the Defendant had primary responsibility or even a managerial position; it is enough if the Defendant was involved in conducting the operation of the affairs of the enterprise as a lower level participant.

With respect to the fifth specific fact - - the requirement that the "enterprise" was engaged in, or that its activities affected, interstate commerce - - the Government contends that in conducting the affairs of the enterprise the Defendants [e.g. utilized interstate communications facilities by engaging in long distance telephone conversations; by traveling in interstate commerce from one state to another; and by causing the transmission of funds by mail or by wire in interstate commerce from one state to another.] You are instructed that if you find beyond a reasonable doubt that these transactions or events occurred, and that they occurred in, or as a direct result of, the conduct of the

428

affairs of the alleged enterprise, the required affect upon interstate commerce has been established. If you do not so find, the required effect upon interstate commerce has not been established.

**ANNOTATIONS AND COMMENTS**

18 USC § 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ."

Maximum Penalty:   Twenty (20) years imprisonment and applicable fine. Life imprisonment if the violation is based on racketeering activity for which the maximum penalty includes life imprisonment. (The jury must find that defendant committed such a predicate act beyond a reasonable doubt. See United States v. Nguyen, 255 F.3d 1335 (11th Cir. 2001) (applying Apprendi v. New Jersey, 530 U.S. 466 (2000)).

In United States v. Kotvas, 941 F.2d 1141 (11th Cir. 1991), the Eleventh Circuit held that this pattern instruction properly instructed the jury on the continuity requirement discussed by the United States Supreme Court in H. J., Inc., v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989).

In Reves v. Ernst & Young, 507 U.S. 170, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993), the Supreme Court held that a Defendant participates in the conduct of an enterprise's affairs by participating in the "operation or management" of the enterprise. The Eleventh Circuit has held that Reves, a civil RICO action, applies to criminal proceedings as well. See United States v. Starrett, 55 F.3d 1525 (11th Cir. 1995). Starrett nevertheless upheld the district court's refusal to give a proposed instruction that the Defendant must have occupied a "leadership" position in the enterprise.

If the indictment seeks a forfeiture of property under § 1963(a), see Trial Instruction No. 8.

## 71.2
## RICO - Conspiracy Offense
## 18 USC § 1962(d)

Title 18, United States Code, Section 1962(c), makes it a Federal crime or offense for anyone who is associated with an "enterprise" engaged in, or the activities of which affect, interstate commerce, to participate in conducting the affairs of the enterprise through a "pattern of racketeering activity."

The meaning of these terms and an explanation of what must be proved in order to establish that offense, is discussed in that part of the instructions covering Count _____ of the indictment.

However, the Defendants named in Count _____ of the indictment - - the conspiracy count - - are not charged in that Count with violating Section 1962(c); rather, they are charged with knowingly and willfully conspiring to violate that law, the alleged conspiracy itself being a separate crime or offense in violation of Section 1962(d).

So, under that law a "conspiracy" is a combination or agreement of two or more persons to join together to attempt to accomplish an offense that would be in violation of Section 1962(c) as elsewhere defined in these instructions. It is a kind of "partnership in criminal purposes" in which each member becomes the agent of every other member.

430

The evidence in the case need <u>not</u> show that the alleged members of the conspiracy entered into any express or formal agreement; or that they directly discussed between themselves the details of the scheme and its purpose, <u>or</u> the precise ways in which the purpose was to be accomplished. Neither must it be proved that <u>all</u> of the persons charged to have been members of the conspiracy were such, <u>nor</u> that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>: That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, namely, to engage in a "pattern of racketeering activity" as charged in the indictment; and

<u>Second</u>: That the Defendant knowingly and willfully became a member of such conspiracy; and

<u>Third</u>: That at the time the Defendant knowingly and willfully agreed to join in such conspiracy, the Defendant did so with the specific intent either to personally participate in the commission of two "predicate offenses," as elsewhere defined in these instructions, <u>or</u> that

>>the Defendant specifically intended to otherwise participate in the affairs of the "enterprise" with the knowledge and intent that other members of the conspiracy would commit two or more "predicate offenses" as a part of a "pattern of racketeering activity."

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has an understanding of the unlawful nature of a plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

**ANNOTATIONS AND COMMENTS**

18 USC § 1962(d) provides:

> It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b) or (c) of this section.

Maximum Penalty:  Twenty (20) years imprisonment and applicable fine. Life imprisonment if the violation is based on racketeering activity for which the maximum penalty includes life imprisonment. (The jury must find that defendant committed such a predicate act beyond a reasonable doubt. See United States v. Nguyen, 255 F.3d 1335 (11th Cir. 2001) (applying Apprendi v. New Jersey, 530 U.S. 466 (2000)).

United States v. To, 144 F.3d 737 (11th Cir. 1998) (discusses 'single objective' and 'overall objective' RICO conspiracy theories); see also United States v. Beale, 921 F.2d 1412 (11th Cir. 1991) (discusses the alternate methods of proving a RICO conspiracy).

Salinas v. United States, 522 U.S. 52, 63, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997) (finding that no overt act is required under the RICO conspiracy statute); see also United States v. Starrett, 55 F.3d 1525 (11th Cir. 1995) (observing that no overt act is required under § 1962(d)).