IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 APR 19 P 3:42

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NUMBER: 2:05CR-119-F |
| | ) | |
| DON EUGENE SIEGELMAN, et al. | ) | |

## MOTION TO QUASH SUBPOENA

Comes now the person designated in the Subpoena which is attached as Exhibit "A" issued out of the United States District Court of the Middle District of Alabama, Mark D. Wilkerson, and moves that this Court quash the Subpoena, and, as grounds therefor, states the following:

1.  Movant has been subpoenaed on behalf of the United States Attorney to appear as witness in proceedings expected to begin on May 1, 2006. Movant expects to be asked to provide testimony related to the Alabama State Health Planning and Development Agency ("SHPDA") and Certificate of Need ("CON") Review Board including, upon information and belief, explanations of state conflict of interest laws and regulations.

2.  Movant was and is engaged to provide legal advice to SHPDA, the CON Review Board and the Statewide Health Coordinating Council ("SHCC"). A copy of the state statute establishing SHPDA, its CON Review Board and the SHCC is attached as Exhibit "B". In those instances where Movant is representing such entities in litigation, he is acting under appointment of the Attorney General of Alabama. He is not acting under such appointment when providing legal counsel to the agency in non-litigation matters.

3.  SHPDA is an agency of the State of Alabama authorized pursuant to Alabama's CON law, ALA. CODE §§ 22-21-260, *et seq.* (1975 as amended). SHPDA's Executive Director is in charge of the daily operations of SHPDA and its professional staff. SHPDA's CON Review Board is a nine-member panel appointed by the Governor. The CON Review Board is the primary rule-making/adjudicatory body in charge of administering and enforcing the CON program.

4.  Movant has been informed that the United States Attorney does not seek testimony that would require disclosure confidential or privileged communications. However, it is obviously impossible to predict all of the questions raised by the Government or the Defendants in the course of direct or cross-examination in this type of trial. Movant has an obligation under Alabama Rules of Professional Responsibility, Rule 1.6, FED. R. EVID. 501 and common law not to not disclose confidential information (as defined in ARPF Rule 1.6) or privileged communications without client consent or a Court Order.

5.  Movant has received consent from the Executive Director of SHPDA for the limited purposes of testifying if called as a witness in this case. However, given the structure of SHPDA, its CON Review Board and a related entity, the Statewide Health Coordinating Council, it is unclear to Movant whether a waiver from SHPDA's Executive Director alone is sufficient to consent to the disclosure of any confidential information or privileged communications with former members of the CON Board or whether the consent of the current CON Board members is required. Movant would note that the CON Board did not meet in May and is not scheduled to meet or conduct business again until May 17, 2006, after the subpoena appearance date.

6. Movant also requests that, should this motion be denied, that the Court clarify the extent to which Movant will be required to respond to questions relating to his representation of the agency.

7. This Motion is filed solely to satisfy Movant's obligations under the Alabama Rules of Professional Responsibility, FED. R. EVID. 501, Rule 1.6 and common law and is not intended to suggest or imply that Movant's testimony, if compelled, would benefit any party to these proceedings.

WHEREFORE, PREMISES CONSIDERED, Movant respectfully requests that this Honorable Court quash the subpoena seeking Movant's appearance on May 1, 2006 or, should the motion be denied, clarify the extent to which Movant shall be required to respond to questions relating to his representation of SHPDA and its CON Board.

Respectfully Submitted,

MARK D. WILKERSON (WIL072)

Wilkerson & Bryan, P.C.
405 South Hull Street
Post Office Box 830
Montgomery, AL 36101-0830
Telephone: (334) 265-1500
Facsimile: (334) 265-0319

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this __19th__ day of April, 2006, filed this in the United States District Court for the Middle District of Alabama Southern Division and served a copy of the foregoing document on all counsel of record by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Russell J. Drake
Whatley Drake LLC
P.O. Box 10647
Birmingham, AL 35202-0647

Hiram Chester Eastland, Jr.
Eastland Law Offices
107 Grand Boulevard
Greenwood, MS 38930

Stephen P. Feaga
U.S. Attorneys Office
P.O. Box 197
Montgomery, AL 36101-0197

Joseph L. Fitzpatrick, Jr.
Attorney General's Office
Public Corruption & White Collar Crime
Alabama State House
11 South Union Street
Montgomery, AL 36130

Louis V. Franklin, Sr.
U.S. Attorneys Office
P.O. Box 197
Montgomery, AL 36101-0197

W. Perry Hall
Kilborn, Roebuck & McDonald
1810 Old Government Street
Post Office Box 66710
Mobile, AL 36606

Gordon "G" Douglas Jones
Whatley Drake, LLC
2323 2nd Avenue North
P.O. Box 10647
Birmingham, AL 35203

Joe Carl Jordan
Ross & Jordan LLC
P.O. Box 210
Mobile, AL 36601

Vincent F. Kilborn
Kilborn, Roebuck & McDonald
1810 Old Government Street
P.O. Box 66710
Mobile, AL 36606

David Allen McDonald
Kilborn, Roebuck & McDonald
203 South Warren Street
P.O. Box 832
Mobile, AL 36602

James B. Perrine
U.S. Attorneys Office
P.O. Box 197
Montgomery, AL 36101-0197

Richard C. Pilger
Department of Justice, Criminal Division
Public Integrity Section
10th & Constitution Ave, NW
Bond Building – 12th Floor
Washington, D.C. 20530

Charles Redding Pitt
John D. Saxon P.C.
2119 Third Avenue North
Suite 100
Birmingham, AL 35203

Christopher Kyle Whitehead
Thomas Means Gillis & Seay P.C.
PO Drawer 5058
Montgomery, AL 36103-5058

_____
OF COUNSEL