IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN ) | |
| PAUL MICHAEL HAMRICK ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY. ) | |

**RESPONSE TO DEFENDANT HAMRICK'S OBJECTIONS TO
THE UNITED STATES' PROPOSED TRIAL EXHIBITS**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby files its Response to Defendant Hamrick's Objections to the United States' Proposed Trial Exhibits.

Most of Defendant Hamrick's objections amount to nothing more than the identification of insignificant oversight and, as such, are easily remedied. For instance, Hamrick first claims that certain exhibits were not produced. The government replies, as follows, and provides Attachment A, which more specifically identifies -- by directory, file name, and/or Bates number -- each challenged document. That is, Attachment A pinpoints, for Defendant Hamrick, on the hard drive already provided to Defendant as part of the discovery provided to him in November 2005, the precise location of each document he claims he cannot find.

` Exhibit 29: The government has diligently pursued all possibilities of obtaining this document and will continue that effort. It was designated as a proposed exhibit in the event it in fact exists and the government can locate it prior to trial. If it is located, it will be immediately provided to Defendants. At this time, however, the government can conclude only that, while it was mentioned and their at least a verbal agreement but an actual proffer

agreement was never drafted.

Exhibit 33: See Attachment B.

Exhibit 54: These documents are not in the government's possession. They are the subject of subpoenas duce tecum served on the Alabama Medicaid Agency.

Exhibit 70: This voluminous exhibit fills a banker's box and was provided in electronic format at initial discovery. Defendants have had continual access to this exhibit since that initial discovery. The government does not intend to introduce this exhibit. Rather, it has extracted only one document that it intends to introduce at trial – Exhibit 70a.

Exhibit 82: The government, in its initial discovery letter, stated that this exhibit would be available upon request. Defendant Hamrick made no such request. The government will consider this objection a request and will accordingly provide it to him.

Exhibit 105: This exhibit was tendered in initial discovery. See Attachment A.

Exhibits 119 and 120: These voluminous documents were provided in initial discovery. Each Defendant received a hard drive containing these records, along with a directory of those documents. See Attachment A.

Exhibits 121 through 125: These documents have already been produced to Defendant on multiple occasions.

Exhibit 128: See Attachment A.

Exhibits 158 through 164 and Exhibits 166 through 168: Exhibits 159 and 160 were provided in initial discovery. The remaining documents are not in the government's possession. They are the subject of subpoenas duce tecum.[1]

Exhibits 189 through 197(d): Exhibit numbers 189, 190, 191, 192, 193, 194, 195, 196, and 197 were used as a placeholder for each bank from which certain bank records originated. The entirety of the records for each bank account was produced on the hard drive provided in initial discovery in November 2005. Each bank account from each bank was separately labeled as (a), (b), ©, etc. The exact location for the records for each bank account is provided in Attachment A. Individual bank records were identified by separate exhibit numbers and provided to Defendant Hamrick. Exhibit 223 is identified on Attachment A.

---

[1] If all Defendants are willing to stipulate that the subject of each subpoenaed State of Alabama personnel file was a State employee at a specific time in question, the government will not need to introduce these exhibits.

Defendant Hamrick requests that the government remove any cover letter or facsimile transmittal sheet and redact any notation referencing compliance with subpoenas. The government's intent in including such material was to provide information regarding the source of the exhibit with the hope of resolving potential, minor issues. The exhibits introduced by the government will not include such documentation unless it is relevant to a contested issue.

The following minor oversights will be corrected: The second exhibit sticker on Exhibit 85A will be removed. Exhibits 205 and 206 also comprise Exhibit 198. The government has deleted Exhibit 198. In regard to Defendant Hamrick's additional request to delete any other claim of duplication, the government does not intend on introducing the same exact exhibit under two different exhibit numbers. The reverse sides of Exhibits 217 and 229 can be found in initial discovery provided to Defendant Hamrick in November 2005. See Attachment A.

Defendant Hamrick's remaining objections, with one exception discussed below, are too general and premature to address at this time. They are based on conclusory grounds such as authenticity, hearsay, irrelevancy, and unfair prejudice. For each exhibit, the government will establish a proper foundation pursuant to Fed. R. Evid. 901; that the exhibit falls outside of the hearsay proscriptions of Fed. R. Evid. 801© and 802; that the evidence is both relevant and material; and that its probative value outweighs any unfair prejudice or confusion and therefore is admissible pursuant to Fed. R. Evid. 403.

Finally, Defendant Hamrick's only specific objection is to Exhibit 117, relating to expert testimony. Decisions regarding the admissibility of expert testimony and the reliability of an expert opinion are committed to the discretion of the trial court. See United States v. Frazier, 387 F.3d 1244, 1258 (11th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 2516 (2005). Indeed, it is "axiomatic

that a district court enjoys 'considerable leeway' in making these determinations. Id. at 1258-59 (quoting Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 142 (1999)).

In determining the admissibility of expert testimony under Federal Rule of Evidence 702,[2] this Court must consider whether

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert[ v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Frazier, 387 F.3d at 1260 (quotation marks omitted).

Experts may be qualified in various ways, including training, education, or experience in a field. Id. at 1260-61. The government has already provided Defendant Hamrick with Special Agent McCurdy's resume which establishes that he is well-qualified to testify as an expert regarding the issues referenced in his report.

Of course, the trial court must also evaluate the reliability of the expert's testimony before admitting it at trial. The government, since its initial discovery letter, has already provided notice that Special Agent McCurdy may be called as a witness who may provide testimony deemed by the Court to be expert in nature. Special Agent McCurdy's report demonstrates on its face that his

---

[2] Federal Rule of Evidence 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

methods are not unreliable. In Daubert, the Supreme Court "set out a list of 'general observations' for determining whether expert testimony is sufficiently reliable to be admitted under Rule 702." United States v. Brown, 415 F.3d 1257, 1267 (11th Cir. 2005), cert. denied, 126 S. Ct. 1570 (2006). Courts should ask (1) whether the expert's theory or technique "can be and has been tested; (2) whether it has been subjected to peer review and publication; (3) what its known or potential rate of error is, and whether standards controlling its operation exist; and (4) whether it is generally accepted in the field." Id. at 1267 (citing Daubert, 509 U.S. at 593-94).

However, these factors are "not to be rigidly applied, but [are] instead to serve as guidelines for federal district courts applying Rule 702." Id. at 1267; see also id. ("'[T]he inquiry envisioned by Rule 702 is, we emphasize, a flexible one . . . .'" (quoting Daubert, 509 U.S. at 594)). As "'many factors will bear on the inquiry,'" the Supreme Court did "'not presume to set out a definitive checklist or test.'" Id. (quoting Daubert, 509 U.S. at 593). Indeed, Daubert's list of factors does not apply in every case, and may not even be pertinent to assessing reliability in a given case. Id. at 1268; see also id. (instructing that the trial judge has broad latitude to determine whether the factors are reasonable measures of reliability in a given case); Frazier, 387 F.3d at 1262 ("These factors are illustrative, not exhaustive; not all of them will apply in every case, and in some cases other factors will be equally important in evaluating the reliability of proffered expert opinion."). In Brown, the Court of Appeals affirmed the trial court's ruling admitting expert testimony, though three of the four Daubert factors were not applicable. Brown, 415 F.3d at 1267-68.

Applying these principles here, there is nothing unreliable about Special Agent McCurdy's report. As the report makes clear, McCurdy reviewed databases and records, interviewed various individuals, and applied a sound methodology to reach his conclusions. Special Agent McCurdy's

5

report will certainly assist the jury in making its factual determinations.

Finally, the government provides, as Attachment B to this Response, Michael D. Martin's 5K.1 Motion for Departure, designated on the government's exhibit list as Exhibit 33. In addition, the government has renumbered Exhibit 34 as 34a and included Exhibit 34b.

Respectfully submitted this the 21st day of April, 2006

| | |
|---|---|
| LOUIS V. FRANKLIN, SR.<br>ACTING UNITED STATES ATTORNEY | ANDREW C. LOURIE<br>ACTING CHIEF, PUBLIC INTEGRITY SECTION |
| /s/ Louis V. Franklin, Sr.<br>Acting United States Attorney<br>One Court Square, Suite 201<br>Montgomery, AL 36104<br>Phone: (334)223-7280<br>Fax:   (334)223-7560<br>Email: louis.franklin@usdoj.gov | /s/Richard C. Pilger<br>Department of Justice, Criminal Division<br>Public Integrity Section<br>10th & Constitution Ave, NW<br>Bond Building - 12th Floor<br>Washington, DC 20530<br>Phone: (202)514-1412<br>Fax:   (202)514-3003<br>Email: richard.pilger@usdoj.gov |

J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:   (334)223-7135
Email: jb.perrine@usdoj.gov
ASB-9077-E31J

/s/ Jennifer Garrett
Special Assistant United States Attorney
Assistant Attorney General
Office the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-8494
Fax:   (334)242-4890
Email: jgarrett@ago.state.al.us
ASB-4600-T77J

/s/ Stephen P. Feaga
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax:   (334)223-7560
Email: steve.feaga@usdoj.gov
ASB-7374-A60S

/s/ Joseph L. Fitzpatrick, Jr.
Special Assistant United States Attorney
Assistant Attorney General
Office of the Attorney General
11 S. Union
Montgomery, AL 36130
Phone: (334)353-4839
Fax:    (334)242-4890
Email: j.fitzpatrick@ago.al.state.us

8

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN, ) | |
| PAUL MICHAEL HAMRICK, ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY ) | |

**CERTIFICATE OF SERVICE**

     I hereby certify that on April 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

     Respectfully submitted,

LOUIS V. FRANKLIN, SR.
ACTING UNITED STATES ATTORNEY


/s/ J.B. Perrine
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: jb.perrine@usdoj.gov
ASB-9077-E31J