IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN ) | |
| PAUL MICHAEL HAMRICK ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY. ) | |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF THE
ADMISSIBILITY OF EVIDENCE, INCLUDING TESTIMONY AND EXHIBITS, OF
THE ACTIONS OF DEFENDANTS SIEGELMAN AND HAMRICK WITH LANNY
YOUNG PRIOR TO AUGUST 1997**

COMES NOW the United States of America, by and through Louis V. Franklin, Sr., Acting United States Attorney for the Middle District of Alabama, and Andrew C. Lourie, Acting Chief of the Public Integrity Section of the Criminal Division of the United States Department of Justice, and hereby files its Memorandum of Law in Support of the Admissibility of Evidence, Including Testimony and Exhibits, of the Actions of Defendants Siegelman and Hamrick with Lanny Young Prior to August 1997 (hereinafter, the "pre-1997 conduct"). Any challenge to the admissibility of the pre-1997 conduct should be denied because this evidence is highly relevant to the RICO conspiracy offense charged in Count One, the RICO offense charged in Count Two, and the honest services fraud offenses charged in Counts Ten through Fourteen. The pre-1997 conduct is evidence intrinsic to these offenses, even though it occurred prior to the dates of the offenses charged in the indictment, and is admissible under Fed. R. Evid. 401 and 403. The pre-1997 conduct goes to prove the guilt of Defendants Siegelman and Hamrick for the above-listed offenses and should be fully presented to the jury. To support its position, the United States avers as follows:

I.    **Admissibility of Evidence Outside of the Dates Charged in the Indictment**

"Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, <u>or</u> forms an integral and natural part of an account of the crime, <u>or</u> is necessary to complete the story of the crime for the jury." <u>United States v. Williford</u>, 764 F.2d 1493, 1499 (11th Cir. 1985) (emphasis added). <u>See</u> <u>United States v. Collins</u>, 779 F.2d 1520, 1532 (11th Cir. 1986) (same). The law is especially well-established that where the indictment charges a conspiracy, acts committed by co-conspirators prior to the dates charged in the indictment are admissible to proved their guilt for the charged conspiracy – even if this conduct is not charged in the indictment. <u>United States v. Costa</u>, 691 F.2d 1358, 1361 (11th Cir. 1982) (upholding the admissibility of co-conspirator's testimony about his relationship with the defendant and the defendant's earlier drug dealings). <u>See</u> <u>Parr v. United States</u>, 255 F.2d 86, 92 (5th Cir. 1958) (approving the admission of pre-charged co-conspirator conduct because it "may shed light upon and tend to establish the conspiracy").[1]

This evidence is admissible provided that the balancing test of Rule 403 is met – namely, that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. <u>See</u> Fed. R. Evid. 403. The proscribing reach of Rule 403 is exceedingly limited, however, because this rule "is an extraordinary remedy that should be used only sparingly since it permits the trial court to exclude concededly probative evidence." <u>United States v. Chandler</u>, 996 F.2d 1073, 1101 (11th Cir. 1993). The Court of Appeals for the Eleventh Circuit explained the rationale behind the narrow

---

[1] <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981).

applicability of Rule 403 as follows:

> Relevant evidence is inherently prejudicial; but it is only <u>unfair</u> prejudice, <u>substantially</u> outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

<u>United States v. Mills</u>, 704 F.2d 1553, 1560 (11th Cir. 1983) (internal quotations omitted) (emphasis in original). "The balance under Rule 403 should be struck in favor of admission." <u>United States v. Finestone</u>, 816 F.2d 583, 585 (11th Cir. 1987) (quotations and citations omitted).

The decision to admit evidence is left within the broad discretion of the trial court. <u>See Collins</u>, 779 F.2d at 1531. Such decision will not be disturbed on appeal absent a clear showing of an abuse of discretion. <u>See United States v. Leichtman</u>, 742 F.2d 598, 603 (11th Cir. 1984).

**II.    The Pre-1997 Conduct is Relevant Evidence of Defendants Siegelman's and Hamrick's Guilt for the Crimes Charged in Counts One, Two, and Ten Through Fourteen**

Defendants Siegelman and Hamrick are charged with RICO conspiracy, RICO, and honest services fraud offenses in Counts One, Two, and Ten through Fourteen, respectively. The indictment charges that these offenses occurred between August 1997 and January 20, 2003. Defendants object on relevancy grounds to the admission of pre-1997 conduct. Defendants' objections are without merit because this pre-1997 conduct evidence, both testimony and exhibits, is highly relevant to prove the offenses charged and is not substantially outweighed by any unfair prejudice.

On the government's information and belief based on the testimony presented to date, Mr. Young testified that he had an agreement and understanding with Defendants Siegelman and Hamrick as early as 1994, and pursuant to which he agreed to and did provide them with money, property, and other things of value upon their request and Defendants Siegelman and Hamrick agreed

to perform official acts for Mr. Young upon his request. Mr. Young's testimony included specific examples of his providing money, property, and other things of value to Defendants Siegelman and Hamrick prior to August 1997 as part of their agreement. The pre-1997 conduct is relevant to prove the offenses charged against Defendants Siegelman and Hamrick because, inter alia, it shows the existence of the conspiracy on August 1997, the purpose of the conspiracy, Defendants' intent to join the conspiracy, how the conspiracy evolved, and how illegal relationships and mutual trust developed between Defendants Siegelman and Hamrick and Mr. Young as co-conspirators. See United States v. Crockett, 514 F.2d 64, 72 (5th Cir. 1975) ("Evidence of behavior antedating the period covered by the indictment is generally admissible as bearing on the existence and purpose of the conspiracy and the significance of later behavior."); United States v. Muscatell, 42 F.3d 627, 631 (11th Cir. 1995) (approving the admission of the defendants' commission of pre-indictment transactions similar to the charged mail fraud scheme because the similarity of the transactions to the charged offenses was significant evidence of defendants' intent, which was the greatest weakness in the government's case and the primary focus of the defense); Heike v. United States, 227 U.S. 131, 145 (1913) (Holmes, J.); United States v. Diaz, 176 F.3d 52, 79-80 (2d Cir. 1999) ("[I]t is within the trial court's discretion to admit evidence of prior acts to inform the jury of the background of the conspiracy charged, in order to explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators.") (citations and quotations omitted); United States v. Spaeni, 60 F.3d 313, 316 (7th Cir. 1995) (affirming, over a Rule 403 challenge, the admission of pre-indictment conduct because the government offered it to show how the relationship between the co-conspirators began, how it continued, how it was structured, and how the relationship of trust and cooperation developed that led to the co-

conspirators performing later transactions); United States v. Enright, 579 F.2d 980, 988 (6th Cir. 1978) (ruling that pre-indictment co-conspirator conduct was admissible as direct evidence against the defendant as it showed his "knowledge of and involvement in the conspiracy as far back as three years before the period alleged in the indictment").

Without the admission of the evidence of the pre-1997 conduct, including testimony and exhibits, the government will be significantly limited in its ability to "provide the jury with a complete story of the crime[s] on trial, to complete what would otherwise be a chronological or conceptual void in the story of the crime[s], [and] to explain the circumstances surrounding the charged crime[s]." Spaeni, 60 F.3d at 316. In addition, the pre-1997 conduct is also probative because it corroborates the testimony of Nick Bailey on matters occurring during this time period. This Court should not consider the pre-1997 conduct in a vacuum. See Crockett, 514 F.2d at 73 (noting that evidence of a conspiracy "cannot be viewed in a vacuum").

**III.    Conclusion**

The pre-1997 conduct is highly relevant to the offenses charged against Defendants Siegelman and Hamrick. Defendants have failed to present any unfair prejudice from this evidence that substantially outweighs its probative value. Consequently, this Court should admit this evidence, including testimony and exhibits related thereto.

Respectfully submitted this the 17th day of May 2006.

| | |
|---|---|
| LOUIS V. FRANKLIN, SR. | ANDREW C. LOURIE |
| ACTING UNITED STATES ATTORNEY | ACTING CHIEF, PUBLIC INTEGRITY SECTION |
| | |
| /s/ Louis V. Franklin, Sr. | /s/Richard C. Pilger |
| Acting United States Attorney | Department of Justice, Criminal Division |
| One Court Square, Suite 201 | Public Integrity Section |

Montgomery, AL 36104  
Phone: (334) 223-7280  
Fax: (334) 223-7560  
Email: louis.franklin@usdoj.gov  

/s/ J.B. Perrine  
Assistant United States Attorney  
One Court Square, Suite 201  
Montgomery, AL 36104  
Phone: (334) 223-7280  
Fax: (334) 223-7135  
Email: jb.perrine@usdoj.gov  
ASB-9077-E31J  

/s/ Jennifer Garrett  
Special Assistant United States Attorney  
Assistant Attorney General  
Office the Attorney General  
11 S. Union  
Montgomery, AL 36130  
Phone: (334) 353-8494  
Fax: (334) 242-4890  
Email: jgarrett@ago.state.al.us  
ASB-4600-T77J  

/s/ Stephen P. Feaga  
Assistant United States Attorney  
One Court Square, Suite 201  
Montgomery, AL 36104  
Phone: (334) 223-7280  
Fax: (334) 223-7560  
Email: steve.feaga@usdoj.gov  
ASB-7374A60S  

/s/ Joseph L. Fitzpatrick, Jr.  
Special Assistant United States Attorney  
Assistant Attorney General  
Office of the Attorney General  
11 S. Union  
Montgomery, AL 36130  
Phone: (334) 353-4839  
Fax: (334) 242-4890  
Email: j.fitzpatrick@ago.al.state.us  

1400 New York Ave. NW  
Bond Building, 12th Floor  
Washington, DC 20530  
Phone: (202) 514-1412  
Fax: (202) 514-3003  
Email: richard.pilger@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 2:05-CR-119-MEF |
| DON EUGENE SIEGELMAN, ) | |
| PAUL MICHAEL HAMRICK, ) | |
| GARY MACK ROBERTS, and ) | |
| RICHARD M. SCRUSHY ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                            Respectfully submitted,

                            LOUIS V. FRANKLIN, SR.
                            ACTING UNITED STATES ATTORNEY


                            /s/ J.B. Perrine
                            Assistant United States Attorney
                            One Court Square, Suite 201
                            Montgomery, AL 36104
                            Phone: (334) 223-7280
                            Fax: (334) 223-7135
                            E-mail: jb.perrine@usdoj.gov
                            ASB-9077-E31J