IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 2:05cr119-MEF |
| | ) |
| DON EUGENE SIEGELMAN, | ) |
| PAUL MICHAEL HAMRICK, | ) |
| GARY MACK ROBERTS, and | ) |
| RICHARD M. SCRUSHY | ) |

## HEALTHSOUTH CORPORATION'S MOTION TO QUASH OR MODIFY SUBPOENA

Comes now HealthSouth Corporation ("HealthSouth"), by and through its undersigned counsel, and pursuant to Rule 17 of the Federal Rules of Criminal Procedure respectfully moves this Court to quash or modify the Subpoena delivered by counsel for Defendant Richard Scrushy to counsel for HealthSouth on May 22, 2006. As grounds for this motion, HealthSouth states as follows:

1. On May 22, 2006, a process server for Defendant Scrushy delivered a trial Subpoena to HealthSouth's counsel, Jack W. Selden. A copy of said Subpoena is attached hereto and incorporated by reference herein. A copy of said subpoena was e-mailed to the undersigned counsel on Friday, May 19, 2006.

2. The Subpoena directs the appearance of the custodian of records at HealthSouth to give testimony and to produce documents at trial on May 24, 2006.

3. The documents subpoenaed for production on May 24, 2006, include records of payments by HealthSouth to various organizations and charities over a period exceeding fourteen years. Upon information and belief, the documents demanded which predate April 1996 are stored in an off-site storage facility in more than forty shrink wrapped pallets, each containing multiple boxes. The production of such documents would require hiring individuals to manually search the boxes on each pallet, and would require a significant amount of time and expense. Also

upon information and belief, the payments made to the listed organizations prior to April 1996 were limited. To the extent the Subpoena seeks such documents, HealthSouth moves to quash, as compliance with the Subpoena would be both unreasonable and oppressive pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure.

4. Upon information and belief, documents which post-date April 1996, and which constitute direct evidence of payments to the listed entities, such as checks and log records, may be identified and copied in a period of several additional days. To the extent the language of the Subpoena is vague and may purport to require a far more extensive search of broad corporate records, HealthSouth objects to such request and moves to quash or modify. As to the latter such documents, compliance with the Subpoena would be both unreasonable and oppressive pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure.

**WHEREFORE**, HealthSouth respectfully requests that this motion to quash or modify be granted, and that the Court provide such other relief as may be appropriate.

    Respectfully submitted,

    _/s/ George R. Parker_
    Robert E. Poundstone IV, Esq.
    George R. Parker, Esq.
    Bradley Arant Rose & White LLP
    The Alabama Center for Commerce
    401 Adams Avenue, Suite 780
    Montgomery, AL 36104
    Telephone: (334) 956-7700
    Facsimile: (334) 956-7701
    Email: bpoundstone@bradleyarant.com

    Jack W. Selden, Esq.
    Bradley Arant Rose & White LLP
    One Federal Place
    1819 Fifth Avenue North
    Birmingham, AL 35203-2104
    Telephone: (205) 521-8000
    Facsimile: (205) 521-8800
    E-mail: jselden@bradleyarant.com

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this the 23 day of May, 2006, filed this in the United States District Court for the Middle District of Alabama and hand delivered a copy of the foregoing document to Arthur W. Leach.

_____
OF COUNSEL