**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**        *

**VS.**        *      **CASE NO.: 2:05cr119-MEF**

**PAUL HAMRICK, et al.,**        *

**PAUL HAMRICK'S SUPPLEMENTAL JURY INSTRUCTION #1
(Testimony of a Co-Conspirator)**

(1)     The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case, the Government has called as witnesses, alleged co-conspirators, with whom the Government has entered into plea agreements providing for the possibility of a lesser sentence than the witnesses might otherwise receive. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

(2)     The unsupported testimony of such witnesses, standing alone, is not enough to convict the defendant unless you believe their testimony beyond a reasonable doubt.

(3)     The fact that they plead guilty to a crime is not evidence that defendant, Paul Hamrick, is guilty, and you cannot consider this against Paul Hamrick in any way.

_____ GRANTED                              _____ DENIED

<u>See</u> Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit, Criminal cases, Basic Instruction No. 1.2 (1997).

<u>See</u> Pattern Jury Instructions of the District Judges Association of the Sixth Circuit, Instruction No. 7.08 (1991).

<u>See</u> <u>United States v. Solomon</u>, 856 F. 2d 1572, 1578-1579 (11th Cir. 1988) cert. denied, 489 U.S. 1070, 109 S. Ct. 1352 (1989). The failure to give an unrequested instruction cautioning the jury to examine and weigh with a high degree of care the credibility of an informer or drug addict may constitute plain error if in the circumstances the omission is prejudicial or impais the defendant's ability to present an effective defense. "In this Circuit, a defendant is entitled to a special cautionary instruction on the credibility of an accomplice or a government informer if he requests it and the testimony implicating the accused is elicited solely from the informer or accomplice. <u>United States v. Gonzalez</u>, 491 F. 2d 1202 (5th Cir. 1974). See generally, <u>United States v . Lee</u>, 506 F. 2d 111 (D.C. Cir. 1974), cert. denied, 421 U.S. 1002, 95 S. Ct. 2403, 33 L.Ed. 2d 670 (1975). The rationale behind this requirement is to insure that no verdict based solely on the uncorroborated testimony of a witness who may have good reason to lie is too lightly reached." <u>U.S. v. Garcia</u>, 528 F2d. 580, 587 (5th Cir. 1976).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**     *

**VS.**     *     **CASE NO.: 2:05cr119-MEF**

**PAUL HAMRICK, et al.,**     *

**PAUL HAMRICK'S SUPPLEMENTAL JURY INSTRUCTION #2**
**(Credibility of Witnesses)**

    Now in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses testifying concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

    In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have a personal interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in this case?

_____ GRANTED                          _____ DENIED

<u>See</u> Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit, Criminal cases, Basic Instruction No. 5 (1985).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **VS.** | * | **CASE NO.: 2:05cr119-MEF** |
| **PAUL HAMRICK, et al.,** | * | |

**PAUL HAMRICK'S SUPPLEMENTAL JURY INSTRUCTION #3**
**(Credibility of Witnesses)**

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment. Each offense, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find one of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether Paul Hamrick is guilty or not guilty. Paul Hamrick is on trial only for the specific offenses alleged in the indictment against him.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted, the matter of punishment is for the Judge to determine.

_____ GRANTED                    _____ DENIED

See Pattern Jury Instructions of the District Judges Association of the Eleventh Circuit, Criminal cases, Basic Instruction No. 10.4 (1985).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **VS.** | * | **CASE NO.: 2:05cr119-MEF** |
| **PAUL HAMRICK, et al.,** | * | |

**PAUL HAMRICK'S SUPPLEMENTAL JURY INSTRUCTION #4**

    I want to caution you, however, that defendant, Paul Hamrick's mere presence in the Executive Branch for the State of Alabama during the time period alleged in the indictment does not, by itself, make him a member of a conspiracy. Similarly, mere association with one or more members of a conspiracy does not automatically make defendant Hamrick a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that thy may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

    I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

_____ GRANTED            _____ DENIED

<s>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **VS.** | * | **CASE NO.: 2:05cr119-MEF** |
| **PAUL HAMRICK, et al.,** | * | |

## PAUL HAMRICK'S SUPPLEMENTAL JURY INSTRUCTION #5

    You may not infer that the defendant was guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing.

_____ GRANTED            _____ DENIED

United States v. Perry, 624 F.2d 29 (5th Cir. 1980).</s>

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **VS.** | * | **CASE NO.: 2:05cr119-MEF** |
| **PAUL HAMRICK, et al.,** | * | |

**PAUL HAMRICK'S SUPPLEMENTAL JURY INSTRUCTION #6**

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

_____ GRANTED          _____ DENIED

Bush v. United States, 375, F.2d 602 (D.C. Cir. 1967); United States v. Masino, 275 F.2d 129 (2d Cir. 1960); United States v. Tousand, 619 F.2d 810 (9th Cir. 1980); United States v. Hoyos, 573 F.2d 111 (9th Cir. 1978).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **VS.** | * | **CASE NO.: 2:05cr119-MEF** |
| **PAUL HAMRICK, et al.,** | * | |

### PAUL HAMRICK'S SUPPLEMENTAL JURY INSTRUCTION #7

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in th outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

_____ GRANTED          _____ DENIED

United States v. Iacovetti, 466 F.2d 1147 (5th Cir. 1972), *cert. denied*, 410 U.S. 908 (1973).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **VS.** | * | **CASE NO.: 2:05cr119-MEF** |
| **PAUL HAMRICK, et al.,** | * | |

### PAUL HAMRICK'S SUPPLEMENTAL JURY INSTRUCTION #8

You will recall that I have admitted into evidence against the defendants the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a member of the conspiracy charged in the indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant. This is so even if such acts were done and

statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who did or said them.

_____ GRANTED                              _____ DENIED